## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLADYS CLAUDETTE SUTTON,** <br> **Individually, and as Personal** <br> **Representative of the Estate and** <br> **Next of Kin of** <br> **ANGEL CLAUDETTE WALTERS, Deceased** <br> **1721 Montana Avenue, NE** <br> **Washington, DC 20018** <br><br> **Plaintiff** <br><br> v. <br><br> **WASHINGTON METROPOLITAN AREA** <br> **TRANSIT AUTHORITY,** <br> **600 Fifth Street, NW** <br> **Washington, DC 20001** <br><br> Serve: **Carol B. O'Keefe** <br> **General Counsel, WMATA** <br> **600 Fifth Street, NW** <br> **Washington, DC 20001** <br><br> **Defendant.** | **Civil Action No.:** <br><br> **JURY TRIAL REQUESTED** |

## COMPLAINT
### (Wrongful Death; Survival Action)

Plaintiff Gladys Claudette Sutton, individually, and in her capacity as Personal

Representative of the Estate and Next of Kin of her deceased daughter, Angel Claudette Walters,

and for her Complaint against The Washington Metropolitan Area Transit Authority

("WMATA") and states as follows:

## JURISDICTION

1.  Jurisdiction of this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to the Compact, Art. III § 4 and Art. XVI § 8; adopted in the District of Columbia Code at § 9-1107.10.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the negligent acts and/or omissions committed by the Defendant occurred in the District of Columbia.

## PARTIES

3.  Plaintiff Gladys Claudette Sutton is an adult resident of the District of Columbia, residing at 1721 Montana Avenue, NE, Washington, DC 20018. She brings this action individually, and in her capacity as the Personal Representative of the Estate and Next of Kin of her deceased daughter, Angel Claudette Walters.

4.  At the time of her death, Angel Claudette Walters was a 21 year old resident of the District of Columbia, where she resided with her grandmother, Jeanette Turner, and her daughter, Aubria Zyerra Walters. She is survived by her daughter.

5.  At all relevant times, Defendant WMATA was the owner of the Metrobus being operated by Brenton L. Fairnot ("Fairnot"). At all relevant times, Fairnot was acting in the course and scope of his employment and/or agency with WMATA, thereby rendering WMATA vicariously liable for all of Fairnot's tortious acts and omissions in causing Angel Claudette Walters' death. WMATA is also liable for Fairnot's tortious acts and omissions pursuant to Article XV § 80 of the Compact and pursuant to WMATA's June 15, 2006, Revised Indemnification Policy, Resolution Number 2006-32.

## FACTS

6.    On February 17, 2007, at approximately 11:00 p.m., Angel Claudette Walters was a pedestrian lawfully upon Congress Street, SE, at or near its intersection with 13th Place, SE, Washington, DC, and standing next to a parked vehicle, from which she had alighted.

7.    At the same time that Ms. Walters was standing next to the parked vehicle, a Metrobus owned by Defendant WMATA and permissively operated by its employee/agent, Fairnot, was traveling eastbound on the 1300 Block of Congress Street, SE.  Ms. Walters was returning home to her new apartment on Congress Street after a day of shopping with friends.

8.    Suddenly and without warning, Ms. Walters was struck by the Metrobus when Fairnot negligently failed to avoid striking her.  At all relevant times, Ms. Walters had the right of way, superior to that of Fairnot, and at no time did Ms. Walters act in a negligent manner, nor did she assume any risk.  Under any circumstance, Fairnot had the last clear chance to avoid striking Ms. Walters.

9.    Fairnot struck Ms. Walters on the right side of the roadway, drove over her, and drug her for approximately 40 feet.  Fairnot continued driving his bus approximately 80 feet beyond the point of impact before stopping his vehicle.

10.    Ms. Walters was given emergency treatment on the scene before being taken by ambulance to Washington Hospital Center, where she was pronounced dead at 11:49 p.m.

11.    Ms. Walters suffered extreme pain and suffering, by way of pre-impact fright; when struck and run over by the bus; while she waited for emergency medical assistance; and while she was transported to the hospital.  During this time, Ms. Walters, in addition to suffering extreme pain, feared her own death.  Ms. Walter's five-year old daughter was in the immediate

3

vicinity when her mother was struck by the bus. Her daughter saw the unsuccessful efforts to save her mother's life.

12.    At the time of the occurrence, Brenton L. Fairnot was an agent and/or employee of Defendant WMATA and was operating the Metrobus within the course and scope of his employment and/or agency with Defendant WMATA, which is vicariously liable and otherwise legally responsible for his actions.

13.    At the time of the occurrence, Brenton L. Fairnot was operating the Metrobus with the consent of Defendant WMATA.

## COUNT I

### (Wrongful Death: Negligence and Negligence *Per Se*)

14.    Paragraphs 1-13 are incorporated by reference as if fully set forth herein.

15.    This claim for wrongful death is brought by Plaintiff Gladys Claudette Sutton, individually and as Personal Representative of the Estate and Next of Kin of her deceased daughter, Angel Claudette Walters, pursuant to D.C. Code Ann. § 16-2701. Ms. Sutton was appointed Personal Representative on April 9, 2007.

16.    Defendant, through its agent, servant, and/or employee, Fairnot, owed a duty of care to decedent to operate the WMATA bus properly, with the degree of care and skill used by a reasonably competent driver under similar circumstances. Defendant WMATA, through its agent, servant, and/or employee, Fairnot, breached the aforesaid duty of care and was negligent in the following ways, *inter alia*: failure to maintain proper control of the Metrobus; failure to pay full time and attention to the operation of the Metrobus; failure to keep a proper lookout; failure to operate the Metrobus at a safe and reasonable speed; failure to yield the right-of-way to a

pedestrian lawfully upon the roadway; failure to apply the brakes of the Metrobus in a timely

manner; failure to operate the Metrobus safely; failure to see Angel Claudette Walters; failure to

warn Angel Claudette Walters; failure to take any evasion action to avoid striking Angel

Claudette Walters; and failure to adhere to the applicable motor vehicle laws and regulations then

and there in full force and effect in the District of Columbia.

17.    By violating District of Columbia Municipal Regulations designed to protect

pedestrians like Ms. Walters, Defendant WMATA, through its agent, servant, and/or employee,

Fairnot, was also negligent *per se* in the following ways, *inter alia*: failure to operate the

Metrobus at a safe and reasonable speed, in violation of Title 18, Chapter 2200.1 of the District

of Columbia Municipal Regulations; failure to exercise due care and failed to give an audible

signal to warn the decedent, in violation of Title 18, Chapter 2300.2 of the District of Columbia

Municipal Regulations; failure to operate the Metrobus at a controlled speed to avoid colliding

with any person on or entering the roadway, in violation of Title 18, Chapter 2200.4 of the

District of Columbia Municipal Regulations; and failure to drive at an appropriate reduced speed

when special hazard exists with respect to pedestrians, in violation of Title 18, Chapter 2200.5 of

the District of Columbia Municipal Regulations.

18.    Defendant's violations of District of Columbia Municipal Regulations constitute

negligence *per se.*

19.    Ms. Walters' death was the direct and proximate result of the previously-

identified negligent acts of Defendant WMATA.

20.    As a direct and proximate result of the Defendant's acts/omissions, Ms. Walters'

Next of Kin, including Ms. Sutton, have been injured and damaged, including, but not limited to,

the following particulars:

a.      Expenses of death;

b.      Pecuniary and non-pecuniary losses to Next of Kin;

c.      Loss of society and comfort of the decedent;

d.      All damages recoverable under the Wrongful Death Act of the District of

Columbia and its common-law interpretation;

e.      Loss of care and specific services provided by Ms. Walters to her Next of Kin;

and

f.      Being otherwise injured and damaged.

WHEREFORE, Plaintiff Gladys Claudette Sutton, individually, and as Personal

Representative for the Estate and Next of Kin of the deceased, demands that the Court enter

judgment in her favor and against Defendant WMATA as follows:  (1) compensatory damages in

an amount not less than Ten Million Dollars ($10,000,000.00), which shall be proven at trial; (2)

pre-judgment and post-judgment interest; (3) costs; and (4) such other and further relief as this

Court may deem just and proper.

## COUNT II
### (Survival Action:  Negligence and Negligence *Per Se*)

21.     Paragraphs 1-20 are incorporated by reference as if fully set forth herein.

22.     This survival action is brought by decedent's mother, Plaintiff Gladys Claudette

Sutton, as the Personal Representative of the decedent's Estate, pursuant to D.C. Code Ann. §

12-101.

23.     Defendant, through its agent, servant, and/or employee, Fairnot, owed a duty of

care to decedent to operate the WMATA bus properly, with the degree of care and skill used by a

reasonably competent driver under similar circumstances.

24.     Defendant WMATA, through its agent, servant, and/or employee, Fairnot, breached the aforesaid duty of care and was negligent in the following ways, *inter alia*: failure to maintain proper control of the Metrobus; failure to pay full time and attention to the operation of the Metrobus; failure to keep a proper lookout; failure to operate the Metrobus at a safe and reasonable speed; failure to yield the right-of-way to a pedestrian lawfully upon the roadway; failure to apply the brakes of the Metrobus in a timely manner; failure to operate the Metrobus safely; failure to see Angel Claudette Walters; failure to warn Angel Claudette Walters; failure to take any evasion action to avoid Angel Claudette Walters; and failure to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect in the District of Columbia.

25.     By violating District of Columbia Municipal Regulations designed to protect pedestrians like Ms. Walters, Defendant WMATA, through its agent, servant, and/or employee, Fairnot, was also negligent *per se* in the following ways, *inter alia*: failure to operate the Metrobus at a safe and reasonable speed, in violation of Title 18, Chapter 2200.1 of the District of Columbia Municipal Regulations; failure to exercise due care and failed to give an audible signal to warn the decedent, in violation of Title 18, Chapter 2300.2 the District of Columbia Municipal Regulations; failure to operate the Metrobus at a controlled speed to avoid colliding with any person on or entering the roadway, in violation of Title 18, Chapter 2200.4 of the District of Columbia Municipal Regulations; and failure to drive at an appropriate reduced speed when special hazard exists with respect to pedestrians, in violation of Title 18, Chapter 2200.5 of the District of Columbia Municipal Regulations.

26.     Defendant WMATA's violations of District of Columbia Municipal Regulations constitute negligence *per se.*

27.     Ms. Walters' death was a direct and proximate result of the previously-identified negligent acts of Defendant WMATA.

28.     Ms. Walters was in no way contributorily negligent, nor did she assume any risk.

29.     Between the time when Ms. Walters first became aware that WMATA's Metrobus would strike her until the time of her death, Ms. Walters was conscious, aware of her impending death, and/or suffered extreme conscious physical, mental, and emotional pain and suffering.

30.     As a direct and proximate result of the negligence of Defendant WMATA, Defendant, through its agent, servant, and/or employee, Fairnot, the decedent, Ms. Walters, suffered extreme conscious physical pain and bodily injury, disfigurement, and/or deformity, physical and emotional suffering, inconvenience and discomfort, and mental anguish prior to her untimely and tragic death.

31.     As a direct and proximate result of the negligence of Defendant WMATA, Ms. Walters incurred medical and hospital expenses, and suffered past and future lost earning capacity.

WHEREFORE, Plaintiff Gladys Claudette Sutton, in her capacity as personal representative of decedent's Estate, demands that the Court enter judgment in her favor and against Defendant WMATA as follows:  (1) compensatory damages in an amount not less than Ten Million Dollars ($10,000,000.00), which shall be proven at trial; (2) pre-judgment and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

8

Respectfully submitted,

CARR MALONEY, P.C.

Paul J. Maloney, Esquire, D.C. Bar No. 362533
Kelly M. Lippincott, Esquire, D.C. Bar No. 484610
1615 L Street, N.W., Suite 500
Washington, D.C.  20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)
pjm@carrmaloney.com
kml@carrmaloney.com

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues raised herein.

Paul J. Maloney

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GLADYS CLAUDETTE SUTTON | WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___DC-11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___DC-11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Paul J. Maloney, Esquire<br>Kelly M. Lippincott, Esquire<br>Carr Maloney, P.C.<br>1615 L Street, Suite 500, Washington, D.C. 20036<br>202-310-5500 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E.** *General Civil (Other)*          OR          ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions** (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

⦿ **1 Original Proceeding**  ○ **2 Removed from State Court**  ○ **3 Remanded from Appellate Court**  ○ **4 Reinstated or Reopened**  ○ **5 Transferred from another district (specify)**  ○ **6 Multi district Litigation**  ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Washington Metropolitan Area Transit Regional Compact, Art. III § 4 and Art. XVI 8; adopted in the D.C. Code at §9-1107.10.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 10,000,000.00    Check YES only if demanded in complaint

JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 7/2/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.