UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLADYS CLAUDETTE SUTTON,<br>Individually, and as Personal<br>Representative of the Estate and<br>Next of Kin of<br>ANGEL CLAUDETTE WALTERS,<br>Deceased,<br>1721 Montana Ave. N.E.<br>Washington, D.C. 20018<br><br>   Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br>600 Fifth St., N.W.<br>Washington, D.C. 20001,<br><br>   Defendant. | No. 07-01197 (JDB) |

## ANSWER OF DEFENDANT WMATA

Comes now the Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), and for its Answer states as follows:

### FIRST DEFENSE

The Complaint, and each and every claim for relief contained therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### JURISDICTION AND VENUE

1.  WMATA admits the allegations of paragraph 1 of the Complaint.

2.  WMATA admits that venue is proper in this Court. WMATA denies the

remaining allegations of paragraph 2 of the Complaint.

## PARTIES

3. WMATA lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 3 of the Complaint and on that basis denies said allegations.

4. WMATA lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 4 of the Complaint and on that basis denies said allegations.

5. WMATA admits that it was the owner of the Metrobus being operated by Brenton L. Fairnot and that Fairnot was acting in the course and scope of his employment with WMATA. WMATA denies the remaining allegations of paragraph 5 of the Complaint.

## FACTS

6. WMATA admits that on February 17, 2007, at approximately 11:10 p.m., Angel Claudette Walters was a pedestrian upon Congress Street, S.E., at or near its intersection with 13th Place, S.E., Washington, D.C., and was near a parked vehicle. WMATA lacks sufficient knowledge, information or belief to admit or deny the remaining allegations of paragraph 6 of the Complaint and on that basis denies said allegations.

7. WMATA admits that, on or about 11:10 p.m, on February 17, 2007, a Metrobus owned by WMATA and operated by Fairnot was traveling eastbound on the 1300 block of Congress Street, S.E. WMATA lacks sufficient knowledge, information or belief to admit or deny the remaining allegations of paragraph 7 of the Complaint and

on that basis denies said allegations.

8. WMATA admits that Ms. Walters and the Metrobus collided. WMATA denies the remaining allegations of paragraph 8 of the Complaint.

9. WMATA admits that Ms. Walters and the Metrobus collided. WMATA lacks sufficient knowledge, information or belief to admit or deny the remaining allegations of paragraph 9 of the Complaint and on that basis denies said allegations.

10. WMATA lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 10 of the Complaint and on that basis denies said allegations.

11. WMATA denies the allegations of paragraph 11 of the Complaint.

12. WMATA admits that Fairnot was an employee of WMATA and acting within the course and scope of his employment. WMATA denies the remaining allegations of paragraph 12 of the Complaint.

13. WMATA admits the allegations of paragraph 13 of the Complaint.

## COUNT I

### (Wrongful Death, Negligence and Negligence *Per Se)*

14. The responses set forth at paragraphs 1-13 above are incorporated by reference as if set out in full herein in answer to paragraph 14 of the Complaint.

15. WMATA lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 15 of the Complaint and on that basis denies said allegations.

16. WMATA denies the allegations of paragraph 16 of the Complaint.

17.   WMATA denies the allegations of paragraph 17 of the Complaint.

18.   WMATA denies the allegations of paragraph 18 of the Complaint.

19.   WMATA denies the allegations of paragraph 19 of the Complaint.

20.   WMATA denies the allegations of paragraph 20 of the Complaint.

The WHEREFORE clause constitutes allegations of law that require no answer. To the extent that an answer is required WMATA denies said allegations.

## COUNT II

### (Survival Action: Negligence and Negligence *Per Se*)

21.   The responses set forth at paragraphs 1-20 are incorporated by reference as if set out in full herein in answer to paragraph 21 of the Complaint.

22.   WMATA lacks sufficient, information, knowledge, or belief sufficient to admit or deny the allegations of paragraph 22 of the complaint and on that basis denies same.

23.   Paragraph 23 is an allegation of law that requires no answer. To the extent that an answer is required, WMATA denies said allegations.

24.   WMATA denies the allegations of paragraph 24 of the Complaint.

25.   WMATA denies the allegations of paragraph 25 of the Complaint.

26.   WMATA denies the allegations of paragraph 26 of the Complaint.

27.   WMATA denies the allegations of paragraph 27 of the Complaint.

28.   WMATA denies the allegations of paragraph 28 of the Complaint.

29.   WMATA denies the allegations of paragraph 29 of the Complaint.

30.   WMATA denies the allegations of paragraph 30 of the Complaint.

31. WMATA denies that it was negligent in any respect. WMATA lacks sufficient knowledge, information or belief to admit or deny the remaining allegations of paragraph 31 of the Complaint and on that basis denies said allegations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred in whole or in part by Section 80 of the WMATA Compact.

### SIXTH AFFIRMATIVE DEFENSE

Pre-judgment interest is not recoverable against WMATA, a governmental entity.

### SEVENTH AFFIRMATIVE DEFENSE

WMATA reserves the right to assert that any injuries suffered by plaintiff were the result of the acts, in whole or in part, of a person or persons other than WMATA should discovery provide a basis therefore.

Further answering the Complaint, WMATA denies all allegations of negligence and other improper conduct and further denies all allegations of liability or damages not specifically admitted or otherwise answered.

WHEREFORE, WMATA prays that plaintiff take nothing by her complaint and that the action be dismissed and costs assessed against the plaintiff.

Respectfully submitted,

Carol B. O'Keeffe
General Counsel

Mark F. Sullivan
Deputy General Counsel

_____/s/_____
Fredric H. Schuster, #385326
Associate General Counsel
(202) 962-2560
rschuster@wmata.com

_____/s/_____
David J. Shaffer #413484
Assistant General Counsel
(202) 962-2820
dshaffer@wmata.com
600 Fifth St., N.W.
Washington, D.C. 20001

**Attorneys for Defendant WMATA**

### Certificate of Service

I hereby certify that a true copy of the foregoing answer was electronically served on Paul J. Maloney and Kelly M. Lippincott, Carr Maloney, P.C., 1615 L Street, N.W., Suite 500, Washington, D.C., 20036-5652, counsel for Plaintiff, this 26th day of July, 2007.

_____/s/_____
Fredric H. Schuster