IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GLADYS CLAUDETTE SUTTON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANGEL CLAUDETTE WALTERS, DECEASED<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br><br>Defendant. | Civil Action No.:07- 01197 (JDB)<br>Scheduling Conf.: 8/21/07 @ 9:00 a.m. |

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, counsel in the above-styled matter met telephonically on July 31, 2007, and submit this report regarding the issues discussed at their LCvR 16.3 (a) conference. A proposed Scheduling Order incorporating the parties' report is attached.

### I.  BRIEF STATEMENT OF THE CASE

This is a personal injury negligence action brought pursuant to the District of Columbia Wrongful Death and Survival Acts, D.C. Code § 12-101 and D.C. Code §§ 16-2701 et seq. On Saturday, February 17, 2007, at approximately 11:00 p.m., a Metro Bus came in contact with Angel Claudette Walters, a pedestrian, at the 1300 block of Congress Street, S.E., Washington, D.C. Ms. Walters was killed. Defendant denies it, or its operator was negligent. It further asserts that the sole cause of decedent's death was her sole negligence. Defendant further relies upon the affirmative defenses of contributory negligence and assumption of risk and disputes the extent, nature, and compensability of plaintiff's damages recoverable in this action under the

District's Wrongful Death and Survival Acts. Plaintiff denies that the decedent was contributory negligent or that she assumed the risk. Plaintiff contends that Defendant and its operator had the last clear chance to avoid the collision. Defendant denies the doctrine of last clear chance is applicable in this matter.

## II.    JURISDICTION

This Court exercises original jurisdiction over this matter pursuant to § 81 of the WMATA Compact, D.C. Code § 9-1107.01 (81).

## III.    RULE 16.3 REPORT

1.    <u>Status of Dispositive Motions</u>. The parties do not believe that this personal injury action is likely to be resolved by dispositive motion following discovery.

2.    <u>Amended Pleadings</u>: The parties do not anticipate joining any additional parties.

3.    <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of a magistrate judge for trial.

4.    <u>Settlement Possibility</u>: The parties believe that mediation may prove beneficial in settlement of this matter; however, request that mediation should be conducted only after completion of all discovery.

5.    <u>Alternative Dispute Procedures</u>: The parties believe that alternative dispute resolution in the form of mediation may be beneficial in this matter; however, the parties believe that mediation will only be fruitful after completion of all discovery.

6.    <u>Dispositive Motions</u>: The parties believe that any dispositive motion should be filed within 30 days after close of all discovery, and that any oppositions and replies should be filed in accordance with LCvR 7 (b) and (d).

2

7. <u>Initial Disclosures</u>: The parties do not agree to waive initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

8. <u>Discovery</u>. This is a wrongful death-survival action. There will be numerous expert witnesses. All must be deposed. The District of Columbia Police investigative files and the District's Office of the Chief Medical Examiner's official autopsy files must be obtained. The parties request seven (7) months from the August 21, 2007 initial scheduling conference, or to March 21, 2008 to complete discovery. The parties further request the limits of 25 interrogatories and 10 depositions per side as set forth in the Federal Rules 30(a)(2)(A) and 33(a). The Plaintiff has requested the preservation of electronically stored information (ESI). Upon receipt of this request upon WMATA counsel, he took steps to notify relevant WMATA departments to preserve such ESI, if any. The parties agree to a "clawback agreement" whereby any inadvertent provision of privileged materials will not be a waiver.

9. <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified. Plaintiff agrees to name her experts and provide the expert report(s) within seventy-five (75) days following the initial scheduling conference set for August 21, 2007, or by November 5, 2007, and the Defendant agrees to name its experts and provide the Expert Report(s) seventy five-days (75) days thereafter, or by January 21, 2008.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: At this time, the parties do not believe that bifurcation of this matter is necessary.

12. <u>Proposed Date for the Pretrial Conference</u>: The parties believe that the pretrial conference should be scheduled to allow for completion of all discovery and any court ordered mediation prior to the pretrial conference.

13. <u>Trial Date</u>: The parties believe that a trial date should be scheduled at the pretrial conference after completion of discovery and court ordered mediation.

**Respectfully submitted,**

**/s/ Paul J. Maloney**
**Paul J. Maloney. D.C. Bar #362533**
**Kelly M. Lippincott, D.C. Bar # 484610**
**1615 L Street, N.W., Suite 500**
**Washington, D.C. 20036**
**(202) 310-5500 (telephone)**
**(202) 310-5555**
**pjm@carrmaloney.com**
**kml@carrmaloney.com**
**Counsel for Plaintiff Sutton**


**/s/Fredric H. Schuster**
**Fredric H. Schuster, D.C. Bar # 385326**
**Associate General Counsel**
**David J. Shaffer, D.C. Bar # 413484**
**Assistant General Counsel**
**Washington Metropolitan Area**
**Transit Authority**
**600 Fifth Street, N.W.**
**Washington, D.C. 20001**
**(202) 962-2560 (telephone)**
**(202)-962-2550 (fax)**
**fschuster@wmata.com**
**dshaffer@wmata.com**
**Counsel for Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLADYS CLAUDETTE SUTTON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANGEL CLAUDETTE WALTERS, DECEASED<br><br>　　　　　Plaintiffs,<br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br><br>　　　　　Defendant. | Civil Action No.:07- 01197 (JDB)<br>Scheduling Conf.: 8/21/07 @ 9:00 a.m. |

## INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this 21st day of August, 2007, hereby

ORDERED that discovery shall be completed by March 21, 2008, a period of 7 months from the date of the initial August 21, 2007, scheduling conference in this matter, and it is further;

ORDERED that any dispositive motions shall be filed no later than 30 days after the close of discovery, and any oppositions and replies thereto shall be filed in accordance with LCvR's 7 (b) and 7 (d); and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), except as stipulated by the parties. Plaintiff shall provide her expert reports

within 75 days from the initial scheduling conference on August 21, 2007, or by November 5, 2007, and Defendant shall provide its expert reports 75 days thereafter, or by January 21, 2008.

Date_____                              _____
                                                  John D. Bates
                                                  United States District Judge