**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GLADYS CLAUDETTE SUTTON** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07:1197** |
| | : | **(JDB)** |
| **WASHINGTON METROPOLITAN AREA** | : | |
| **TRANSIT AUTHORITY (WMATA)** | : | |
| | : | |
| **Defendant.** | : | |

**WMATA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF REDACTED MATERIAL**

Pursuant to a telephone conference with the Court on December 11, 2007, and

the Court's instructions, Defendant WMATA hereby responds to plaintiff's Motion

Seeking to Compel Redacted Material from two documents produced in discovery.

This case involves a bus/pedestrian accident in February, 2007 in which

decedent Angel Walters was fatally struck by a Metrobus.  The documents at issue

contain (1) information on the prior disciplinary record of the operator of the bus[1] and

(2) internal opinions and conclusions regarding whether the driver was at fault in the

accident and whether any discipline was imposed.   All factual material has been

produced; only the opinions, conclusions, and recommendations have been redacted.

The documents have further implications for depositions scheduled for December 18

and 19th, 2007, at which time WMATA employees who prepared the documents may be

---

[1]        This evidence is not discoverable for the additional reason that there is no claim of
negligent training, supervision, retention, or hiring.  Nor could there be such a claim, for WMATA, a
governmental entity is immune from such claims.  Burkhardt v. WMATA,, 112 F3d 1207 (D.C. Cir. 1997).

1

asked questions about the redacted material.

WMATA contends that the redacted information was prepared in anticipation of litigation and (1) consists of opinions, mental impressions, and conclusions protected from disclosure under Fed. R. Civ. P. 26(b)(3), and (2) as self evaluative material that public policy protects from discovery and, *a fioritiori* admission at trial.

1.    The Material Was Prepared in Anticipation of Litigation.

Several judges of this Court and the D. C. Superior Court have considered the discoverability of opinion testimony gathered by accident investigations by WMATA personnel.  For example, in Whisenton v. WMATA, No. CA No. 88-2649 (Slip Op. December 22, 1988)(Gesell, J.)(Exhibit A hereto), the Court considered plaintiff's Motion to Compel Production of any reports prepared by a supervisor or safety committee regarding the incident at issue. The Court, following Fed. R. Civ. P. 23(b)(3), ruled:

> with respect to reports prepared by a supervisor or safety committee, the Court denies the plaintiff's motion to compel. The Court accepts the defendant's contentions that these reports are, realistically, prepared with an eye toward suits that may be filed as a result of an accident.  Although WMATA requires that these reports always be prepared after an accident, and it has not produced any document stating flatly that they are prepared for litigation, this does not make these reports made in the ordinary course of business without an eye to litigation as plaintiff contends.  A frequent defendant in personal injury cases, WMATA has ample reason to believe that accidents are likely to lead to claims or litigation.

Slip Op. At 3.  Particularly in the case at hand, with a fatality, in a year with five bus/pedestrian fatalities, everyone involved in the matter surely viewed litigation as a strong probability.  Judge Penn, following Whisenton, found that portions of a Motor

2

Vehicle Accident Report filed by the operator designated for use by the Risk

Department to be prepared in anticipation of litigation.  Wright v. WMATA, 1989 U.S.

Dist. LEXIS 4366 (D.D.C. 1989)(Exhibit B hereto).  Judge Harris found all discovery

requests concerning a post-accident investigation conducted by defendant WMATA

protected.  Nakjima v. WMATA, CA No. 90-1624 (Slip Op., October 24, 1990,

D.D.C.)(Harris, J)(Exhibit C hereto).

Several Superior Court judges have reached the same conclusions on Motions *in*

*Limine.* See Gardner v. WMATA, No. 04-0928 (D.C. Sup. June 1, 2005)(Weisberg, J.);

Ziegler v. WMATA, No. 03-01091 (D.C.Sup. December 12, 2005)(Alperin, J.): Mungo v.

WMATA, No. 04-0927 (D.C. Sup. May 3, 2005)(Wright, J.)("plaintiff is barred from

introducing any evidence, argument or comment regarding any operations supervisor's

disciplinary evaluation, opinions or conclusions about the accident . . . or any

disciplinary evaluations, opinion or conclusions regarding [the but operator] for this or

any other incidents.")(collectively Exhibit D hereto).

2.    The Material Is Also Protected Because It Constitutes Self-Evaluative
      Materials

WMATA respectfully submits that its self-evaluation and self-analysis should be

accorded protection under a public policy which encourages such post-accident

evaluations for the purpose of instituting remedial discipline and fostering safe

operation of WMATA buses.   Requiring WMATA to produce the mental impressions

and opinions of the WMATA supervisor who evaluated this accident and made the

decision whether or not  to discipline the bus operator would chill and deter future

evaluations aimed at improving WMATA's safe operation of its buses.  Federal courts

interpreting discovery rules have denied or strictly limited discovery based purely on

public policy considerations of protecting such self-evaluative processes, opinions and

conclusions.

In <u>Gilbert v. WMATA</u>, CA No. 85-535 (Slip Op., October 9, 1986)(Exhibit E

hereto), Judge Revercomb considered the issue of the self-critical evaluative privilege

for material that contained the mental impressions and conclusions of the post-accident

inspection.  He held  that these materials were "protected by the public policy of

encouraging such communication to improve service and safety.  Slip Op. At 1.[2]

In <u>Estate of Lucy v. WMATA</u>, CA No. 87-2630, (Slip Op., April 25, 1988

D.D.C)(Exhibit F hereto), Magistrate Judge Dwyer ordered only the production of factual

material, holding that opinions were subject to the self-evaluative privilege:

> Federal courts interpreting the discovery rules frequently
> have denied or limited discovery absent claims of formal
> privilege, based purely upon reasons of public policy.
> [citation].  Specifically, there is a line of cases that has
> extended a "qualified privilege" to protect the deliberations of
> internal institutional bodies like WMATA's Safety Committee
> whose function is to review and criticize the quality of the
> institution's work.
>
> *     *     *     *
>
> The concern in these cases for candid and critical self-
> analysis supports confidentiality of the deliberations of the
> Safety Committee.

---

[2]     Judge Lamberth distinguished <u>Gilbert</u> in <u>Wainwright v. WMATA</u>, 903 F. Supp 133, (D.D.C. 1995), on the grounds that the report sought there was prepared two weeks <u>prior</u> to the accident, thus there would be minimal deterrent effect to be outweighed by public policy.  He also stated that the report sought in <u>Wainwright</u> was not prepared as a required governmental report (contrary to the situation in <u>Gilbert</u>, where the court recognized that WMATA required the report be prepared) and prepared retrospectively as a component of a post-accident evaluation, as in <u>Bredice</u>, cited, <u>infra</u>.  Accordingly <u>Wainwright</u> is inapposite to the case at hand.  <u>Wainwright</u> supports the proposition that the self-critical analysis privilege of <u>Bredice</u> is still good law in this Court.

Slip Op. At 3-4.  She also restricted deposition testimony to factual observations, but did not allow it as to any private deliberations of the Committee.  Similarly, in the case at hand, the deponents should not be subjected to any deposition testimony concerning their communications of opinions, conclusions, or recommendations regarding the accident in this case.

Judge Penn also relied upon Estate of Lucy and Gilbert in Wright, finding that "the district courts in the circuit have found that the information was not discoverable because it related to mental impressions and conclusions of WMATA personnel [which] contains self-evaluative material."  1989 U.S. Dist. Lexis at *1.  See also Bredice v. Doctor's Hosp., 50 F.R.D 249, 250-51 (D.D.C. 1970) (hospital staff committees charged with reviewing clinical work at hospital); O'Connor v. Chrysler Corp., 86 F.R.D. 211, 216-18 (D. Ma. 1980) and Penk v. Oregon State Bd. of Higher Education, 99 F.R.D. 506 (D. Or. 1982) (reports of affirmative action programs prepared to comply with federal employment opportunity laws); Webb v. Westinghouse Electric Corp. 81 F.R.D. 431 (E.D. Pa. 1978).

The D.C. Court of Appeals has considered the federal courts' approach and  has accepted that public policy considerations justify protecting from discovery the analyses, opinions, and conclusions drawn by scientific researchers from their data. Plough Inc. v. Nat'l Academy of Sciences, 530 A.2d 1152, 1157 (D.C. 1987), citing Ross v. Bolton, 106 F.R.D. 22, 24 (S.D.N.Y. 1985) (material representing staff analyses of data in quasi-governmental agencies investigation into illegal securities trading protected from discovery; defendant permitted discovery of factual data, but not staff analyses of data).

5

In <u>Granger v. National Railroad Passenger Corporation</u>, 116 F.R.D. 507 (E.D. Pa. 1987), the district court applied the self-evaluative privilege and protected the plaintiff from discovering opinions and conclusions regarding an accident that Amtrak investigated.  Plaintiff Granger had sought to compel Defendant Amtrak to produce documents without redactions under portions with headings, "Accident Analysis," "Cause," "Contributing Factors" and "Committee Recommendations."   Amtrak asserted the self-critical analysis doctrine protected production of these redacted sections.  The district court discussed the policies underlying this privilege or doctrine, noting that it is based on "the need to promote candid and forthright self-evaluation."  <u>Granger</u>, 116 F.R.D. at 509.  The court then protected from discovery the portions of the documents which clearly encompassed opinions and recommendations, i.e., Accident Analysis and Committee Recommendations, finding that the production of these portions "would tend to hamper honest, candid self-evaluation."  <u>Granger</u>, 116 F.R.D at 510.

In <u>Martin v. Potomac Electric Power Co.</u>, 1990 WL 158787, at 2 (D.D.C. 1990), the district court stated that the privilege recognized in <u>Bredice</u> had continuing vitality in cases involving public health and safety, even though it declined to apply the privilege under the particular facts of that case (a Title VII claim).  It stated, "It is critical that efforts to understand and correct dangerous conditions are not blocked because companies fear that evidence gathered as part of the corrective process will later be used against them."  1990 WL 158787 at 1.

For these important policy reasons, WMATA should not be required to produce either the post-accident evaluations of the accident or any disciplinary action taken regarding the bus operator.   <u>See also</u> Fed. R. Evid. 407. Further, WMATA should not

6

be required to provide discovery on sensitive, privileged matters involving discipline.

Such information and documents are neither discoverable, nor admissible as trial

evidence.  Wherefore, defendant WMATA respectfully requests this Court deny

plaintiff's motion to compel the redacted information and, further to rule that no

deposition testimony may be had on the issues covered by plaintiff's motion.


Respectfully submitted,

Washington Metropolitan Area
Transit Authority,

_____/s/_____
Fredric H. Schuster, Bar No. 385326
Associate General Counsel
(202) 962-2560


_____/s/_____
David J. Shaffer #413484
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2820
Attorneys for Defendant WMATA

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CONCHITA WHISENTON,         )
                          )
       Plaintiff,       )
                          )
       v.               )     Civil Action No. 88-2637
                          )
WASHINGTON METROPOLITAN   )
AREA TRANSIT AUTHORITY,    )
                          )
       Defendant.      )

## MEMORANDUM AND ORDER

The underlying complaint in this case concerns the injuries plaintiff allegedly sustained when alighting from a Washington Metropolitan Area Transit Authority (WMATA) bus. The Court has before it plaintiff's Motion to Compel Production of Documents, defendant's Opposition thereto; defendant's Motion for a Protective Order filed November 8, 1988 and plaintiff's opposition thereto; and defendant's Motion for a Protective Order filed December 16, 1988, and the Court heard counsel on these motions.

A. **Plaintiff's Motion to Compel.**

Plaintiff seeks to compel production of three types of documents: (1) the incident report prepared by the bus operator concerning the occurrence described in the complaint; (2) the complete driving record for the operator of the bus; and (3) any reports prepared by a supervisor or safety committee regarding the incident. The defendant asserts that the first and third

requests were prepared in anticipation of litigation, and are
part of the self-evaluative and deliberative process; thus, they
are non-discoverable. It contends that the driving record will
not lead to any admissible evidence, as the plaintiff has not
alleged a negligent hiring or negligent entrustment theory.

Rule 26 (b)(3) of the Federal Rules of Civil Procedure
provides that:

> Subject to the provisions of subdivision (b)(4) of this
> rule, a party may obtain discovery of documents and
> tangible things otherwise discoverable under
> subdivision (b)(1) of this rule and prepared in
> anticipation of litigation or for trial by or for
> another party or by or for that other party's
> representative (including the other party's attorney,
> consultant, surety, indemnitor, insurer, or agent) only
> upon a showing that the party seeking discovery has
> substantial need of the materials in the preparation of
> the party's case and that the party is unable without
> undue hardship to obtain the substantial equivalent of
> the materials by other means. In ordering discovery of
> such materials when the required showing has been made,
> the court shall protect against disclosure of the
> mental impressions, conclusions, opinions, or legal
> theories of any attorney or other representative of a
> party concerning the litigation. (Emphasis added.)

1. The Accident Report

With respect to the first request, the accident report by
the driver, the Court has examined the report itself, and found
that the plaintiff is entitled to receive it. It appears to have
been signed by the driver himself in accordance with the
handbook for metrobus operators (plaintiff's ex. 1). Although
the plaintiff has the ability to subpoena the driver, statements
made in the incident report may be useful for impeachment
purposes, as they are made immediately after or on the same day
that an accident or incident occurs.

2

## 2. Investigative Reports

With respect to reports prepared by a supervisor or safety committee, the Court denies the plaintiff's motion to compel. The Court accepts the defendant's contentions that these reports are, realistically, prepared with an eye toward suits that may be filed as a result of an accident. Although WMATA requires that these reports always be prepared after an accident, and it has not produced any document stating flatly that they are prepared for litigation, this does not make them reports made in the ordinary course of business without an eye to litigation as plaintiff contends. A frequent defendant in personal injury cases, WMATA has ample reason to believe that accidents are likely to lead to claims or litigation. The Court was advised at argument that drivers are not required to file a signed statement or to testify, but rather simply appear for informal questioning which is summarized by the interviewer. This normal precaution has, on its face, little evidentiary value.

The Court also finds persuasive WMATA's contention that discovery of safety committee reports would intrude on WMATA's qualified privilege for self-examination. Discovery would impinge on WMATA's ability to evaluate when bus drivers were at fault, what the cause of an accident was, how best to prevent accidents in the future, as well as whether to settle a claim or defend it in court. Bredice v. Doctor's Hospital, Inc., 50 F.R.D. 249, 250-251 (D.D.C. 1970), aff'd, 479 F.2d 920 (D.C.Cir. 1973).

3

As quoted above, Rule 26 (b)(3) permits discovery of documents prepared in anticipation of litigation only if the party requesting discovery asserts a "substantial need," which plaintiff has not done here, except with respect to the signed statements of the bus driver. She asserts that she suffered a badly broken left leg as a result of the accident, and that she was transported from the scene by ambulance and was unable to gather any names of witnesses or other information on the occurrence. If there were witnesses, the Court would order that she be furnished names and addresses and, on a proper showing, permitted to see their signed statements contained in any of the incident reports. Likewise, if any report contained photos, the plaintiff would have been entitled to see them despite the fact that they might have been made or taken in anticipation of litigation. However, the defendant answered plaintiff's interrogatories on October 11, 1988, and stated that there are no known eyewitnesses to any part of the occurrence, that it does not know the names of any passengers on the bus during the time when the accident occurred and that WMATA has no photographs, plats or diagrams of the scene.

Since mid-October, the plaintiff has had the name and work address of the bus driver, and those whom WMATA sent to the scene of the accident within the hour. She may take the deposition of the driver, and request his copy of the safety committee investigation, which may have been given to him following the investigation.

4

The Court concludes the plaintiff has no substantial need to compel production of accident reports prepared by WMATA supervisors and that such production would intrude on the privileges defendant claims.

C. Driving Record

With respect to the driving records of the bus driver, WMATA objects on the ground that it will not lead to the discovery of any admissible evidence, and defendant's counsel states generally that the reports contain vast quantities of irrelevant evidence, though counsel has not examined the report of this driver nor was it available at argument.

Plaintiff asserts that the record may contain important impeachment material, and that defendant has not yet admitted liability, although it accepts respondeat superior responsibility. Plaintiff contends that the records may show that the driver may have been warned that he had allowed a bus to move when the rear door was still open -- the situation that plaintiff alleges caused her injuries. Plaintiff states that, "A typical habit of operation is for the operator to allow the rear door emergency brake to contain the bus while it is left in a forward gear and thus permit the bus to begin moving as soon as the back door has been closed." However, such a practice does not rise to the level of habit pursuant to Fed. R. Evid. 406, and it may not have been recorded in the driving record in any event.

However, prior accidents of a similar type may be recorded in the driver's record, and these may be relevant, and the record

5

as a whole may disclose a negligent tendency. The defendant is hereby ordered promptly to provide the Court with the single page "cover sheet" described at argument which summarizes all accidents in which the driver was involved, if any, as a bus driver  After in camera inspection, the Court will determine which parts of the file, if any, shall be tendered to plaintiff. The motion to compel discovery of the accident file will be resolved at that time.

B.  **Defendant's November 8, 1988 Motion for a Protective Order**

Defendant seeks an order protecting during depositions:  (1) the driving record of the operator involved in this occurrence; (2)  WMATA procedures for audit and review of bus driver actions and procedures.

Plaintiff did not fully explain the relevance of WMATA's procedures for auditing and reviewing bus driver actions to his theory of the case.  Defendant's motion to preclude discovery of WMATA's procedures under (2), above, is denied.  The motion as to (1), above, is mooted by the Court's ruling.

C.  **Defendant's December 16, 1988 Motion for a Protective Order**

Defendant's motion for a protective order to preclude the appearance of an Assistant General Manager at the December 19, 1988 motion hearing is denied as moot.

SO ORDERED.

_Joyce H. Green_

UNITED STATES DISTRICT JUDGE

December 22, 1988.

6

# Exhibit B

1 of 1 DOCUMENT

**MARY L. WRIGHT, Plaintiff, v. WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant**

**Civil Action No. 88-2996**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

*1989 U.S. Dist. LEXIS 4366*

**April 18, 1989, Decided; April 19, 1989, Filed**

**OPINION BY:** [*1] PENN

**OPINION**

*MEMORANDUM ORDER*

JOHN GARRETT PENN, UNITED STATES DISTRICT JUDGE

This matter is before the Court on Defendant's Motion for a Protective Order. Plaintiff seeks to compel WMATA to produce the following documents: 1) WMATA Motor Vehicle Accident Report, filed by operator George Tapscott on June 13, 1987; 2) Street Supervisor Accident Report, filed by Robin J. Jenkins; 3) wMATA Trouble Report, prepared by L.B. Powers and K.D. Tapley; 4) internal audit and review of bus driver actions; and 5) personnel and disciplinary records regarding this incident.

The Court finds that much of the information contained in these documents is discoverable as it is factual material. *Estate of Lucy v. WMATA,* No. 87-2630, slip op. at 7 (D.D.C. April 25, 1988). With respect to the other information, the district courts in this circuit have found that the information was not discoverable because it relates to mental impressions and conclusions of WMATA personnel, was prepared in anticipation of litigation, or contains self-evaluative material.

*See, Gilbert v. WMATA,* No. 85-0535, slip op. at 1 (D.D.C. October 9, 1986); *Estate of Lucy v. WMATA, supra,* at 5-6; *Laws v. Georgetown University* [*2] *Hospital,* 656 F. Supp. 824, 826 (D.D.C. 1987).* This Court, in following the other courts in this circuit, finds that portions of the documents requested is not discoverable.

Upon consideration of Defendant's Motion, Plaintiff's Opposition and *in camera* review the documents in question, the Court determines that Defendant's motion should be granted in part and denied in part in accordance with the following directions:

1. The WMATA Motor Vehicle Accident Report filed by the operator on June 13, 1987 is discoverable, except for the shaded portions designated for use by the Risk department. The shaded portion the Court finds to be preparation for litigation.

2. The internal audit and review of driver actions entitled "In-House Audit, Division Manager Investigation" is discoverable with the following exceptions which constitute supervisor mental impressions and conclusions:

a. Item 6 is discoverable only regarding the date and physical description contained therein.

b. Items 14, 15 and 16 are not discoverable.

c. Only the first block of handwriting on the

1989 U.S. Dist. LEXIS 4366, *

second page is discoverable.

3. The WMATA Trouble Report is discoverable in its entirety as it contains only factual material.

[*3] 4. The Street Supervisor Accident Report is discoverable except the seven blocks contained on the upper half of the page designated "page two of four" as those contain supervisor mental impressions and conclusions.

5. The single page labeled "Card No. 1" of the operator's driving record is discoverable as "prior incidents of a similar type may be recorded." *Whisenton v. WMATA,* No. 88-2637, slip op. at 5-6 (D.D.C. Dec. 22, 1988). The **WMATA** memorandum dated August 17, 1987 is discoverable only as to the first two paragraphs thereof. The remainder represents personal impressions, conclusions and self-evaluative communications.

The Court has sent a copy of the documents to WMATA; which indicate the Court's exclusions with a red marking.

In view of the above, it is hereby

ORDERED that the defendant shall produce all discoverable documents discussed herein two days of this Order.

Date: April 18, 1989

Exhibit
C

**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

OCT 2 4 1990

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

SATOSHI NAKAJIMA, <u>et al.</u>,       )
                                      )
        Plaintiffs,                   )
                                      )
    v.                                )    Civil Action No. 90-1624 SSH
                                      )
WASHINGTON METROPOLITAN AREA          )
TRANSIT AUTHORITY, <u>et al.</u>,     )
                                      )
        Defendants.                   )

<u>ORDER</u>

This matter is before the Court on defendant Washington
Metropolitan Area Transit Authority's motion for a protective order
as to all discovery requests concerning the post-accident
investigation conducted by defendant WMATA.  Upon consideration of
the motion, plaintiffs' opposition thereto, and the entire record
herein, it hereby is

ORDERED, that the motion for a protective order is granted.
It hereby further is

ORDERED, that a status call will be held on November 15, 1990,
at 9:45 in Courtroom 14.

SO ORDERED.

Stanley S. Harris
_____
        Stanley S. Harris
    United States District Judge

Date:   OCT 2 4 1990

WMATA General Counsel
Docketed - 900171
Noted for Calendar

Exhibit
D

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SUELLEN GARDNER                        :
                                       :
         Plaintiff                     :
                                       :
v.                                     :        Case No. : 04-0000928
                                       :        Calendar 14
                                       :        J. Weisberg
WASHINGTON METROPOLITAN                :        Next Event: Pretrial 4/4/05 at 4:30 p.m.
AREA TRANSIT AUTHORITY,                :
                                       :
         Defendant.                    :

### O R D E R

Upon consideration of Defendant WMATA's motion in limine, and ~~any~~ Plaintiff's opposition thereto, and Defendant's it is

this __1st__ day of __June__, 2005, ORDERED that the motion is GRANTED, and the plaintiff

is precluded from introducing any evidence, argument, or comment regarding any operations

supervisor's disciplinary evaluations, opinions or conclusions about the accident of August 27, 2002,

or any disciplinary evaluations, opinions or conclusions regarding bus operator, DeWayne Jackson

for this accident or any other incident not directly relevant to this accident.

                    _Frederick H. Weisberg_
                    Frederick H. Weisberg
                    Associate Judge

DOCKETED In Chambers   JUN 0 1 2005

MAILED From Chambers  JUN 0 1 2005



Case: 2004 CA 000928 B



Copies to:


Janice L. Cole
Assistant General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C. 20001


Kelly Lippincott
Chaikin & Sherman
1232 17th Street, N.W.
Washington, D.C. 20036

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**WILSON ZIEGLER**

    *Plaintiff*

**v.**

    **Case No. : 03-01091**
    **Calendar 6**
    **J. Alprin**
    *Next Event: Trial 12/12/05 9:00 a.m.*

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,**

    *Defendant.*

## ORDER

Upon consideration of Defendant's Motion in Limine Regarding Evaluations, Opinions, and Disciplinary Decisions, and ~~any~~ *plaintiff's* opposition thereto, it is this __12__ day of __Dec__, 2005, ORDERED that the motion is GRANTED, and the plaintiff is precluded from introducing any evidence, argument, or comment regarding any operations supervisor's disciplinary evaluations, opinions or conclusions about the accident of January 6, 2002, or any disciplinary evaluations, opinions or conclusions regarding bus operator, Donwitt Penn for this accident or any other incident.

    J. Alprin
    Judge

Copies to:

*Detria Liles-Hutchinson, Esquire*
*Assistant General Counsel*
*WMATA - COUN*
*600 Fifth Street, N.W.*
*Washington, D.C. 20001*

*Michael Sklaire, Esquire*
*Chaikin & Sherman*
*1232 17th Street, N.W.*
*Washington, D.C. 20036*



# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|                                        |   |                                    |
|----------------------------------------|---|------------------------------------|
| JOYCE MUNGO,                           | : |                                    |
|                                        | : |                                    |
| Plaintiff                              | : |                                    |
|                                        | : | Case No. : 04-0000927              |
| v.                                     | : | Calendar 13                        |
|                                        | : | J. Wright                          |
|                                        | : | Next Event: Pretrial               |
| WASHINGTON METROPOLITAN                | : |                                    |
| AREA TRANSIT AUTHORITY,                | : |       April 20, 2005 at 4:30 p.m.  |
| Defendant.                             | : |                                    |

---

## O R D E R

Upon consideration of Defendant WMATA's motion in limine, and any opposition thereto, it is this 2nd day of _May_, 2005, ORDERED that the motion is GRANTED, and the plaintiff is precluded from introducing any evidence, argument, or comment regarding any operations supervisor's disciplinary evaluations, opinions or conclusions about the accident of May 27, 2002, or any disciplinary evaluations, opinions or conclusions regarding bus operator, Cheryl Bowser, for this accident or any other incident.

_Melvin R. Wright_

Melvin R. Wright
Associate Judge, Superior Court of the District of Columbia

DOCKETED  MAY 0 3 2005
MAILED  MAY 0 3 2005

Copies to:

Janice L. Cole
Assistant General Counsel
WMATA – COUN
600 Fifth Street, N.W.
Washington, D.C. 20001

Kelly Lippincott
Chaikin & Sherman
1232 17th Street, N.W.
Washington, D.C. 20036

2

Exhibit
E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLAUDE GILBERT, ETC.,           :

                  Plaintiffs    :

                                :

        v.                      :           C.A. No. 85-535

WMATA, ET AL.,                  :        F I L E D

                  Defendants    :        OCT - 9 1986

                                         JAMES F. DAVEY, Clerk

                    ORDER

    This matter is before the Court on plaintiff's Motion to
Compel WMATA to produce ten documents responsive to plain-
tiff's interrogatories numbers 2 and 3 but claimed to be
privileged.  The Court has considered the motion and oppo-
sition, and has viewed the documents in camera.  Many of the
documents refer to candid self-evaluation of WMATA's per-
sonnel, policies and escalator safety.  The majority of
these documents are not discoverable as they are protected
by the public policy of encouraging such communication to
improve service and safety.  Other documents are not dis-
coverable as they encompass the mental impressions and con-
clusions of WMATA personnel.

    Plaintiff's Motion to Compel is hereby GRANTED in part
and DENIED in part in accordance with the following direc-
tions:

    1.  Handwritten memorandum from G. Bretz to M. Melling-
ton, dated 4/26/85.  This document is not discoverable, as
it concerns escalator evaluations for the purpose of insti-
tuting remedial safety measures.

# EXHIBIT B

2. Interoffice memorandum from G. Bretz to M. Melling-
ton, dated 2/4/85. The first page of this memo must be
produced in its entirety as it constitutes a solely factual
description of two post-accident inspections. The second
page is not discoverable as it contains the mental impres-
sions and conclusions of the post-accident inspection.

3. Inter-office memorandum from G. Bretz to D. Cook-
sley. The first and third paragraphs of this document are
to be produced as they relate to factual descriptions of
escalator accidents and inspections. The second and fourth
paragraphs contain mental impressions and conclusions of the
inspections and are therefore not discoverable.

The two page Westinghouse escalator maintenance
instructions are product recommendations and facts and shall
be produced.

4. Interoffice Memorandum from D. Cooksey to G. Bretz,
dated 2/19/85. This document contains candid self-criticism
of WMATA personnel and is therefore not discoverable.

5. Interoffice Memorandum from G. Bretz to D. Allmmond,
dated 1/21/86. This document is a communication between an
agent of WMATA and WMATA counsel. It was prepared in
anticipation of litigation and contains a candid self-
evaluation of WMATA personnel and remedial suggestions. It
is therefore not discoverable.

6. Inter-office Memorandum from Roy Dodge to R. O'Neil,
dated 6/1/77. This document consists primarily of suggestions
for remedial improvements to escalators and is not
discoverable.

AO 72A

7.  Handwritten Memorandum of Farrell Canup.  WMATA asserts it has produced a typewritten facsimile to plaintiff.  There is therefore no basis for withholding the handwritten document and it shall be produced.

8.  Minutes of Safety Meeting on 4/10/79.  This document consists of self-evaluations of the escalators and a discussion of remedial measures for safety improvements.  It is not discoverable.

9. and 10.  Inter-office Memoranda from G. Bretz to M. Mellington and D. Cooksey, dated 2/15/85 and 2/26/85 respectively.  These documents involve candid evaluations of information disclosed by G. Bretz to counsel for WMATA and are privileged from discovery.

Accordingly, it is by the Court, this _9_ day of October, 1986,

ORDERED that defendant WMATA produce for plaintiff and the Court's review, all discoverable documents as enumerated above.

George H. Revercomb, Judge

_10/9/86_
Date

-4-

Copies to:

John P. Coale, Esq.
George G. Misko, Esq.
Coale and Associates, P.C.
1019 19th Street, N.W.
Suite 1040
Washington, D.C.  20036

Frederick Abramson, ESq.
Kenneth J. Ingram, Esq.
Judy B. Chase, Esq.
Sachs, Greenbaum and Tayler
1140 Connecticut Avenue, N.W.
Suite 900

Donald Clower, Esq.
David Almond, Esq.
Office of the General Counsel
WMATA - Room 2A13
600 Fifth Street, N.W.
Washington, D.C.  20001

Greta C. Van Susteren, Esq.
511 E. Street, N.W.
Washington, D.C.

Thomas A. Medford, Jr., Esq.
WMATA - 600 Fifth Street, N.W.
Washington, D.C.  20001

Susan Ellis Wild, Esq.
1140 Connecticut Avenue, N.W.
Suite 900
Washington, D.C.  20036

Randell Hunt Norton, Esq.
John Jude O'Donnell, Esq.
Thompson, Larson, McGrail, O'Donnell and Harding
730 15th Street, N.W.
Washington, D.C.  20005

Exhibit
F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Estate of Alice M. Lucy By          )
Sandra R. Lucy, Personal Re-        )
presentative                        )
                  Plaintiffs,       )
                                    )
          v.                        )        Civil Action No. 87-2630
                                    )
Washington Metropolitan Area        )
  Transit Authority                 )
                                    )
          Defendant and Third       )
          Plaintiff                 )              **FILED**
                                    )
          v.                        )           APR 2 5 1988
                                    )
Granite Construction Company, Inc.  )        Clerk, U.S. District Court
  et al.,                           )           District of Columbia
                                    )
          Third-Party Defendant )

**ORDER**

The parties were before the Court on April 14, 1988, for an oral hearing on third-party defendant S.J. Groves & Sons Company's ("Groves") motion to compel discovery from defendant/ third party plaintiff Washington Metropolitan Area Transit Authority ("WMATA") and WMATA's motion for protective order to prevent Groves or any other party from deposing Kenneth Cobb. For the reasons stated below, Groves's motion to compel is granted to the extent that all factual matters presented to the Safety Committee are held to be discoverable. Additionally, Groves may receive deposition testimony from Mr. Dowling concerning his observations of the handhole at the Addison Road Metro and handholes at other Metro locations as well as testimony concerning subsequent remedial changes. WMATA's motion for

protective order is granted to the extent that Mr. Cobb may not

be questioned nor may he produce any documents that reflect any

nonfactual matters related to his investigation.

### I. MOTION TO COMPEL

Groves filed a motion to compel production of certain

documents and to compel deponent Talbert Dowling to respond to

all questions posed during a deposition. In response WMATA

claimed several privileges including attorney-client, work

product, governmental deliberation and self-evaluation.

Additionally, WMATA contended that the documents and testimony

were withheld on the ground that they contain information about

subsequent remedial measures.

The documents for which WMATA has claimed the above

privileges fall into two classes: 1) documents generated by the

Office of Risk Management ("Risk"); and 2) documents generated b

WMATA's Safety Committee.

#### a. Safety Committee Files

As a result of the June 4, 1987 accident, WMATA formed

special Safety Committee to commence an investigation

determine the cause of the accident and, if necessary,

recommend changes to WMATA to prevent such incidents in t

future. WMATA now argues that to release the documents reflecti

the deliberations of the Safety Committee would impede futu

investigations by deterring frank discussions and critical sel

evaluations by WMATA's employees. This Court agrees with WMATA's assertion of the self-evaluative privilege, but does not find merit in any other defense proffered by WMATA.

Federal courts interpreting the discovery rules frequently have denied or limited discovery absent claims of formal privilege, based purely upon reasons of public policy. 4 J. Moore, Moore's Federal Practice, ] 26.60 [3] (2d ed. 1986). Specifically, there is a line of cases that has extended a "qualified privilege" to protect the deliberations of internal institutional bodies like WMATA's Safety Committee whose function is to review and criticize the quality of the institution's work. For example, such a qualified privilege has been extended to hospital staff committees charged with reviewing the clinical work done at the hospital. Laws v. Georgetown Univ. Hospital, 656 F. Supp. 824, 826 (D.D.C. 1987); Bredice v. Doctor's Hospital, 50 F.R.D. 249, 250-51 (D.D.C. 1970). Similarly, the privilege has been extended to protect reports on affirmative action program prepared to comply with federal equal employment opportunit laws. See, e.g., O'Connor v. Chrysler Corp., 86 F.R.D. 211, 216 18 (D. Ma. 1980); Penk v. Oregon State Bd. of Higher Education 99 F.R.D. 506, 50° D.Or. 1982).[1]

----

[1] Courts have shown a willingness to extend the qualifie privilege accorded self-evaluative deliberations to other are: as well. See, e.g., Keyes v. Lenoir Rhyne College, 552 F.2d 5° (4th Cir.), cert. denied, 434 U.S. 904 (1977) (confidenti: faculty evaluation records); Lloyd v. Cessna Aircraft Co.,

3

The concern in these cases for candid and critical self-analysis supports confidentiality of the deliberations of the Safety Committee. However, the privilege will not extend to protect any factual or statistical information collected by the committee with regards to the condition of the handhole at the Addison Road Metro Station or handholes at any other metro location before and after the June 4, 1987 incident. See Davidson v. Light, 79 F.R.D. 137, 139 (D. Colo. 1978) (factual data relied upon by hospital peer group must be produced); Wright v. Patrolman's Benevolent Ass'n, 72 F.R.D. 161 (S.D.N.Y. 1976) (bar association's investigation into transfer of judge held discoverable despite "self-evaluative function" privilege, since only factual information, not deliberations, sought); Plough v. National Academy of Sciences, 530 A.2d 1152, 1160 (D.C. App. 1987) (facts and statistical information underlying committee' study are not protected by qualified privilege).

### b. Mr. Dowling's Testimony

Mr. Dowling was a member of WMATA's Safety Committee and w. present at the Addison Road Metro location on the day of t. incident. At his deposition, WMATA objected and instructed M. Dowling not to respond to questions "concerning Mr. Dowling

---

F.R.D. 518 (E.D. Tenn. 1977) (deliberations of manufacture: confidential internal review of product quality). See also Plo: v. National Academy of Sciences, 530 A.2d 1152 (D.C. App. 19: (academy documents reflecting closed deliberations of commit concerning review of methodology of study).

4

observations of the handhole on June 4, 1987, the condition of handholes throughout the Metro System and subsequent changes made to all handholes." Groves' Motion to Compel at p. 22. WMATA's objections are based primarily on its claims that the questions posed during Mr. Dowling's deposition fall under the self-evaluative privilege and the evidentiary privilege for subsequent remedial measures.

As a member of the Safety Committee, Mr. Dowling may not testify to any matters concerning the private deliberations of the Committee. He will be instructed, however, to respond to all factual questions concerning his observations of the handholes at the Addison Road Metro and handholes at other Metro locations.

Mr. Dowling also may testify to subsequent remedial measures taken by WMATA. The evidentiary privilege extends to evidence proffered at trial only and does not prohibit the production of such evidence at the discovery stage of the proceedings. See Fed R. of Evid. 407.

### c. The Risk Files

The purpose of WMATA's Office of Risk Management ("Risk") is to identify and evaluate the risk of loss to which WMATA's assets are exposed. As part of the process of maintaining files, "it investigates, evaluates and negotiates tort claims and provides risk analysis and funding requirements for claims against WMATA." WMATA's Corrected Opposition to Groves' Motion

Compel at p. 10. If the claim against WMATA is not resolved, the "Risk" files are forwarded to counsel in preparation for litigation. Id.

The Court finds that these documents were prepared in anticipation of litigation and are, therefore, not discoverable absent a showing of substantial need and undue hardship in obtaining an alternative source of the material. Hickman v. Taylor, 329 U.S. 495, 511 (1947). Groves has failed to make such a showing at this stage since it is entitled to receive all factual documents collected by the Safety Committee. Therefore, the motion to compel documents from the Risk files is denied.

## II. WMATA's MOTION FOR PROTECTIVE ORDER

Kenneth Cobb was retained by the Safety Committee to investigate and prepare an evaluation of the June 4th incident. WMATA now seeks to prevent Groves or any other party from deposing Kenneth Cobb or obtaining any documents concerning the June 4th incident on the basis of work product or the self-evaluative privilege. While this Court does not find any merit to WMATA's argument that this is work product, it agrees that the self-evaluative privilege extends to Mr. Cobb's report.

As outlined above, the qualified privilege will protect Mr. Cobb's report or testimony to the extent that it reflects an evaluation or criticisms of WMATA's safety policies and conclusions as to the cause of the June 4th incident. However

6

Groves is entitled to any factual material present in Mr. Cobb's report or to any statistical or factual material relied upon by Mr. Cobb to complete his report. Accordingly, WMATA's protective order will be granted in part and denied in part.

Accordingly, it is by the Court this 25th day of April 1988

ORDERED that Groves' motion to compel be and it is hereby granted to the extent that all factual matters presented to the Safety Committee are held to be discoverable and it is

FURTHER ORDERED that Groves may receive deposition testimony from Mr. Dowling concerning his observations of the handhole at the Addison Road Metro and handholes at other Metro locations as well as testimony concerning subsequent remedial changes done to the handholes and it is

FURTHER ORDERED that WMATA's motion for protective order is granted to the extent that Mr. Cobb may not be questioned nor may he produce any documents that reflect any nonfactual matter related to his investigation.

JEAN F. DWYER
United States Magistrate