UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLADYS CLAUDETTE SUTTON,

    Plaintiff,

        v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,

    Defendant.

Civil Action No. 07-1197 (JDB)

## MEMORANDUM AND ORDER

On December 11, 2007 this Court held a telephone conference with the parties in this case to discuss an on-going dispute relating primarily to redacted portions of reports produced by defendant in the process of discovery. Following that discussion, the parties submitted supplemental briefing on the disputed issue on December 13, 2007 and, the next day, defendant submitted unredacted copies of the reports in question for *in camera* review. For the reasons set forth below, the Court will order defendant to produce to plaintiff unredacted versions of certain portions of the reports.

### DISCUSSION

**I.    Self-Evaluative Privilege**

Defendant argues that it redacted the contested portions of the reports because (at least in part) the information contained therein consisted of self-evaluation and self-analysis that "should be accorded protection under public policy." Def.'s Opp'n at 3. In short, the self-evaluative privilege protects information that "relates to mental impressions and conclusions" formed during

a self-critical analysis of the events in question.  See Wright v. WMATA, 1989 U.S. Dist. LEXIS 4366 at *1 (D.D.C. April 19, 1989).  Defendant cites several decisions involving WMATA from this Court, as well as from D.C. Superior Court, that have applied the self-evaluative privilege doctrine.  See, e.g., id.; Estate of Lucy v. WMATA, No. 87-2630 slip op. (D.D.C. April 25, 1988); Gilbert v. WMATA, No. 85-535 slip op. (D.D.C. Oct. 9, 1986); Def.'s Opp'n Ex. D (citing various D.C. Superior Court decisions); see also First Eastern Corp. v. Mainwaring, 21 F.3d 465, 466-67 (D.C. Cir. 1994) (recognizing the self-evaluative privilege but declining to apply it because the argument was waived below).  In essence, the policy rationale underlying the self-evaluative privilege is that if WMATA is forced to disclose the substance of these internal evaluations, it may be chilled from performing them in the first instance, thereby reducing overall public transportation safety.  The Court adopts those principles for purposes of this analysis.  Nevertheless, upon *in camera* review of the WMATA reports, the Court concludes that several of the redacted portions of the documents do not contain information that falls within the scope of the self-evaluative privilege.

      To begin with, the Court first reviewed the "Accident Report Form" produced by defendant.  Defendant initially redacted information under the "Accident Record for the Past 365 Days" heading.  The Court finds that the record of past accidents concerning the WMATA employee -- the bus operator involved in the fatal accident at issue -- is factual information that does not qualify as "mental impressions" or "conclusions" and should be produced.  Thus, defendant shall produce information in the "Date" and "Action Taken" columns within the "Accident Record" heading.  On the other hand, defendant may carefully redact information contained under the columns between "Date" and "Action Taken," because the Court concludes

that such assessments regarding the accident constitute opinions or conclusions within the scope of the self-evaluative privilege. Defendant also redacted information under the "Action Taken by the Division Superintendent or Supervisor" heading on page one of the same form. Because the information found in rows numbered "13" and "16" is self-evaluative material, assessing and characterizing the accident, defendant may redact those two rows under this heading. Finally, in the next portion of the "Accident Report Form," defendant redacted information on page three of "defendant's exhibit 1," as paginated by plaintiff's supplemental briefing. See Pl.'s Mot. Ex. 1 at 3. The Court concludes that information on this page also constitutes self-evaluative material concerning the proper characterization and assessment (in defendant's view) of the accident and may thus be withheld and redacted.

Turning to the Department of System Safety and Risk Management's "Bus/Pedestrian Fatality Interim Investigation" report issued on February 17, 2007 -- labeled as defendant's exhibit 2 in plaintiff's briefing -- defendant withheld material found on page five of that document (again, by plaintiff's pagination). The Court concludes that the brief entries under the headings "Probable Cause" and "Conclusions" are not protected self-evaluative material because they merely state facts: namely, that there were no determinations made on those points as of that date. As such, that information is not protected and should be produced to plaintiff.

Finally, defendant provided the Court with an additional document that it had just recently discovered that amounts to a final update on the findings and conclusions issued in the February 17, 2007 interim investigation report. This report, dated April 4, 2007, contains some information that qualifies as self-evaluative. Specifically, defendant may withhold the following self-evaluative material: (1) under the "Probable Cause" heading, defendant may redact the entire

section; and (2) under the "Conclusions" heading, defendant may redact <u>only</u> the <u>second</u> bullet point (beginning with "BTRA"). With respect to the "Actions taken" and "Recommendations" headings on the next page, the Court concludes that the information listed under those subject headings constitutes mere factual material that cannot be withheld under the self-evaluative privilege; of course, the Court expresses no view on the admissibility, as opposed to the discoverability, of this information. Thus, defendant shall produce a copy of the report that conforms to these findings.

## II.    Work Product Doctrine

Defendant also asserts that all of the disputed reports were prepared in anticipation of litigation and therefore are exempt from discovery as protected work product. The Court will not belabor this point. Suffice it to say, the information detailed above that the Court has found cannot be withheld under the self-evaluative privilege does not qualify for the work product exemption either, because the material amounts to mere statements of fact as opposed to protected opinion work product. See <u>Dir., Office of Thrift Superv. v. Vison & Elkins</u>, 124 F.3d 1304, 1307 (D.C. Cir. 1997) (distinguishing between opinion and factual work product and finding the latter to be discoverable upon the proper showing). The Court is satisfied that plaintiff has demonstrated a substantial need for that information and undue hardship in acquiring the information in any other manner. <u>Id.</u> Hence, defendant's assertion of work product protection does not bar production of the information discussed above.

## **ORDER**

For the foregoing reasons, it is hereby **ORDERED** that defendant shall conform its production of the disputed materials to the determinations reflected above.

**SO ORDERED.**

                                        /s/ John D. Bates
                                        JOHN D. BATES
                                    United States District Judge

Date: December 17, 2007