## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GLADYS CLAUDETTE SUTTON** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07:1197** |
| | : | **(JDB)** |
| **WASHINGTON METROPOLITAN AREA** | : | |
| **TRANSIT AUTHORITY (WMATA)** | : | |
| | : | |
| **Defendant.** | : | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF DR. KINLAN

Defendant's Motion *In Limine* presents a clear legal question to the Court: What is the permissible scope of damages available under the District of Columbia Wrongful Death Act? Plaintiff seeks to recover consequential damages to the decedent's child, Aubria, as a result of the accident; WMATA contends that such consequential damages are not available in the District of Columbia as a matter of law. Although there is no D.C. Circuit or D.C. Court of Appeals decision directly so stating, this result must flow from the existing case law.

Plaintiff has produced an expert child psychiatrist to present a <u>medical</u> opinion in two areas that go beyond that authorized by the Wrongful Death Act: (1) Post Traumatic Stress Disorder ("PTSD") allegedly suffered by Aubria as a result of seeing the aftermath of her mother's accident and the effect of losing her mother at such an early age and (2) the consequential harm that would occur to Aubria if her biological father were permitted custody. Neither of these items of damages are permitted by law.

1

Defendant concedes that Aubria is entitled to recover for loss of care, education, training, guidance and parental advice that the deceased parent would have given her if she had lived her normal life expectancy.. <u>See</u> D.C. Civil Jury Instruction 14.05.  This loss, however, does not require a jury to hear expert medical evidence, however, because that element of damages is well within the scope of lay testimony and the jury's own lifetime experiences.

1.    <u>Defendant's Motion is Not Premature</u>.

The instant motion is not premature; indeed it is actually in the nature of a summary adjudication of the issue of damages under Fed. R. Civ. P. 56, and such motions are appropriate to be filed at this time.  If granted, this motion will be dispositive of a major element of damages in plaintiff's case and will aid the parties in the mediation of  the case.

2.    <u>Plaintiff concedes that Dr. Kinlan is not presenting any financial opinions.</u>

Plaintiff concedes that Dr. Kinlan will not present testimony of any alleged amount of financial loss of care, education, training, guidance and parental advice to Aubria Plaintiff also concedes that they are also not making any allegation that Aubria was within the "zone of danger" so as to entitle her to recover on her own behalf.[1]  What, therefore remains?

3.    <u>The only remaining issues that Dr. Kinlan proposes to testify are neither recoverable nor need the use of a medical expert.</u>

---

[1]    Despite her protestations to the contrary, plaintiff is trying to seek exactly the type of damages for negligent infliction of emotional distress that the D.C. Court of appeals *en banc* ruled inappropriate in <u>Williams v. Baker</u>, 572 A.2d 1062 (D.C. 1990), where the mother of a child killed by medical malpractice sought damages for her own emotional distress resulting from her son's death.

2

_____

      a.   <u>PTSD is a consequential damage and not recoverable.</u>

The D.C. Civil Jury Instruction is clear as to what is <u>not</u> recoverable in a

Wrongful Death Action:

> The Wrongful Death Act does not permit you to,
> and you must not, award the beneficiaries any
> amount for the sorrow, mental distress or grief,
> or for the loss of love and affection that they
> may have suffered because of [the deceased's]
> death.

D.C. Civil Jury Instruction 14.05.   Plaintiff fails to grapple with the D.C. Circuit's decision

in <u>Runyon v. District of Columbia</u>, 463 F.2d 1319, 1322 (D.C. Cir. 1972) or the D.C.

Court of Appeals' decision in <u>Herbert v. District of Columbia</u>, 808 A. 2d 776, 779, n.3

(D.C. 2002).  If grief and mental distress at the loss of a parent are not recoverable, and

loss of parent-child consortium is not recoverable, it is difficult to see how PTSD

resulting from that loss is recoverable.   Plaintiff has presented no case law

demonstrating otherwise.

      b.   <u>The speculative damage that may result from a custody battle is
neither within Dr. Kinlan's area of expertise nor admissible.</u>

The possible custody ramifications of Angel Walter's death are not the subject of

<u>medical</u> opinion.  Even more speculative is the possible resulting harm from the results

of such a custody dispute, which could take various forms – visitation, shared custody,

full custody, no custody, child support or protective order, .  This issue is too speculative

to allow the plaintiff to present it to a jury.  <u>See</u> <u>Joy v. Bell Helicopter</u>, 999 F.2d 549, 565

(D.C. Cir. 1993)

    c.    <u>The loss of care, education, training, guidance and parental advice does not require expert medical opinion</u>.

Plaintiff acknowledges that "expert testimony may not be required to prove the losses claimed by Aubria," Pl. Opp. at 6, but argues that it will nonetheless "assist" the jury. Again, it is difficult to see how this is a <u>medical</u> issue. Plaintiff has identified at least four close friends and at least six family members, including her grandmother, great grandmother, numerous aunts and uncles and cousins, who interacted with Ms. Walters and Aubria over a 5½ year period. By contrast, Dr. Kinlan interacted with Aubria over six one-hour sessions and attended a kindergarten graduation. Her medical opinion as to Aubria's resulting losses pales by comparison to the strength of the lay testimony. At some point this evidence becomes overly cumulative, and in light of its lack of probative value, should be excluded.

4.     Conclusion.

Plaintiff has not presented any case law justifying medical testimony from Dr. Kinlan within the limited scope of damages recoverable under the District of Columbia Wrongful Death Act.  Her testimony should therefore be excluded.

**Respectfully submitted,**

**WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY**


**_____/s/_____**
**Frederic H. Schuster #385326**
**Associate General Counsel**

**_____/s/_____**
**David J. Shaffer #413484**
**Assistant General Counsel**
**600 Fifth Street, N.W.**
**Washington, D.C.  20001**
**(202) 962-2820**
**Attorneys for Defendant WMATA**

5