UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLADY SUTTON, As Mother and<br>Next Kin of Deceased Daughter,<br>ANGEL WALTERS,<br><br>      Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSPORTATION AUTHORITY,<br><br>      Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:    Case No.: 1:07cv1197 (JDB)<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

Two months prior to trial and over two months after the deadline for filing dispositive motions, Washington Metropolitan Area Transportation Authority ("WMATA") has filed a Motion for Leave to file Motion for Summary Judgment. WMATA's Motion should be denied for the following reasons: (1) WMATA has not demonstrated that it failed to file the motion before the deadline for dispositive motions due to excusable neglect; (2) plaintiff will be prejudiced as she will need to devote valuable time to respond to defendant's motion when the two-week jury trial in this case is just two months away; and (3) the WMATA's proposed motion is without merit.

    **A.**     **WMATA Has Failed to Demonstrate Excusable Neglect**

Pursuant to this Court's order of August 21, 2007, dispositive motions were to be filed not later than April 21, 2008. Instead of filing a dispositive motion, WMATA filed three motions *in limine*, which are currently pending before the Court. WMATA claims that the issues regarding liability crystallized during the course of the mediation on July 2, 2008, however, all of the liability issues that were discussed at mediation have been present throughout this litigation. The issues regarding liability have been known to the parties since the close of discovery on May 2, 2008, if not

before then and have been the subject of expert opinions. WMATA has not demonstrated that its failure to timely file its motion for summary judgment was due to excusable neglect, pursuant to F.R.C.P. 6(b)1)(B). Nor has WMATA demonstrated good cause for modifying the scheduling order, pursuant to F.R.C.P. 16(b)(4), and forcing the plaintiff to respond to a motion that should have been filed more than two (2) months ago.

B.   **Prejudice to the Plaintiff**

The plaintiff will be prejudiced if she needs to take the time to respond to a motion for summary judgment instead of using the time to prepare for trial. Plaintiff has just two months to prepare for a two-week jury trial which will include the testimony from several of the 37 witnesses who have been deposed in this case, including 10 expert witnesses. Plaintiff's counsel had time available in April to respond to any timely filed motion, but now other constraints on plaintiff's counsels' time leaves plaintiff will insufficient time to file an opposition to a motion for summary judgment at this late date. This includes vacation schedules, other trials, and other scheduling conflicts to include out-of-state depositions and mediations.

This is another attempt by WMATA to delay meaningful settlement discussions in this case. At the status hearing on April 2, 2008, counsel for WMATA advised the Court that it intended to file three motions *in limine* by the time of the deadline for dispositive motions and made no reference to filing a motion for summary judgment. WMATA's counsel told the Court that it needed to have those motions resolved before engaging in meaningful settlement negotiations. Defendant cancelled the mediation originally scheduled for June 19, 2008 on one days notice and it was rescheduled for July 2, 2008. Now, one day after that failed mediation, WMATA filed its belated motion.

C.     **WMATA's Proposed Motion Is Without Merit**

Defendant intends to argue in its motion for summary judgment, if it is granted leave to file it, that Angel Walters is contributorily negligent as a matter of law. Defendant alleges that Ms. Walters violated CDCR § 18-2304.2, however, it is clear from the videotape of this incident that Ms. Walters acted in accordance with the regulation. CDCR § 18-2304.2 states that "[e]ach pedestrian crossing a roadway at any place other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right-of-way to all vehicles upon the roadway." The videotape shows Ms. Walters, after alighting from a vehicle, pausing for at least 5.6 seconds next to the vehicle prior to the bus running her over. Obviously, Ms. Walters was yielding to the bus as the regulation requires. Therefore, defendant's argument that Ms. Walters was contributorily negligent as a matter of law is without merit.

Even assuming that the defendant is able to establish that Ms. Walters was somehow contributorily negligent, the doctrine of "last clear chance" applies in this case. A plaintiff who is contributorily negligent may recover under the doctrine of "last clear chance" if the plaintiff demonstrates by a preponderance of the evidence: "(1) that plaintiff was in a position of danger caused by the negligence of both plaintiff and defendant; (2) that the plaintiff was oblivious to the danger, or unable to extricate herself from the position of danger; (3) that defendant was aware, or by the exercise of reasonable care should have been aware, of the plaintiff's danger and obliviousness or her inability to extricate herself from it; and (4) that the defendant, with means available to him, could have avoided injuring the plaintiff after becoming aware of the danger and the plaintiff's inability to extricate herself from it, but failed to do so. *WMATA v. Young*, 731 A.2d 389, 394-95 (D.C. 1999) (citations omitted). In its motion for leave, defendant focuses on the

second element and argues that there is no evidence that Ms. Walters was oblivious of the danger or that she was unable to extricate herself from the position of danger. It is clear from the videotape of the incident and the testimony of the eye witnesses that Ms. Walters knew that the bus was approaching, but was oblivious to any danger. That is why she paused at the side of the roadway for at least 5.6 seconds before the bus struck her. By the time Ms. Walters realized that the bus was going to hit her, it was too late for her to get out of the path of the approaching bus. WMATA's Metrobus operator had the opportunity to avoid this tragic accident, but failed to do so. It is the role of the jury in this case to review the videotape and listen to the testimony of the eye witnesses to determine whether Ms. Walters or WMATA's Metrobus operator were negligent.

**D.     Conclusion**

For the reasons discussed above and the entire record in this case, plaintiff respectfully requests that this Court deny the defendant's Motion for Leave to File Motion for Summary Judgment.

Respectfully submitted,

By:     /s/ Paul J. Maloney
Paul J. Maloney, Esq.
DC Bar No. 362533
Kelly M. Lippincott, Esq.
DC Bar No. 484610
CARR MALONEY P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)
pjm@carrmaloney.com
kml@carrmaloney.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Opposition to Defendant's Motion for Leave to File Motion for Summary Judgment was e-filed and served electronically this 8th day of July, 2008 to:

>Frederic H. Schuster, Esquire
>David J. Shaffer, Esquire
>Associate General Counsel
>600 Fifth Street, N.W.
>Washington, D.C.  20001

>    /s/ Paul J. Maloney
>Paul J. Maloney, Esq.
>DC Bar No. 362533
>CARR MALONEY P.C.
>1615 L Street, N.W., Suite 500
>Washington, D.C.  20036
>(202) 310-5500 (telephone)
>(202) 310-5555 (facsimile)
>pjm@carrmaloney.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLADY SUTTON, As Mother and Next Kin of Deceased Daughter, ANGEL WALTERS, | : : : : |
| Plaintiff, | : : |
| v. | : Case No.: 1:07cv1197 (JDB) : |
| WASHINGTON METROPOLITAN AREA TRANSPORTATION AUTHORITY, | : : : |
| Defendant. | : |

**O R D E R**

UPON CONSIDERATION of Defendant's Motion for Leave to File Motion for Summary Judgment, and Plaintiff's Opposition thereto, it is by this Honorable Court on this ___ day of _____, 2008

ORDERED, that Defendant's Motion be DENIED.

_____
Judge

cc:   Paul J. Maloney, Esquire
      Kelly M. Lippincott, Esquire
      Carr Maloney P.C.
      1615 L Street, N.W., Suite 500
      Washington, D.C.  20036

      Frederic H. Schuster, Esquire
      David J. Shaffer, Esquire
      Associate General Counsel
      600 Fifth Street, N.W.
      Washington, D.C.  20001