IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLADYS CLAUDETTE SUTTON,**<br>**Personal Representative of the Estate of**<br>**Angel Walters,** | :<br>:<br>: |
| **Plaintiff,** | :<br>: |
| v. | :    Case No. 07–1197 (JDB) |
| **WASHINGTON METROPOLITAN**<br>**AREA TRANSIT AUTHORITY,** | :<br>:<br>: |
| **Defendant.** | : |

## DEFENDANT'S MOTION IN LIMINE REGARDING PLAINTIFF'S CLAIM OF LOSS OF CARE, EDUCATION, TRAINING <u>GUIDANCE AND PARENTAL ADVICE</u>

Defendant Washington Metropolitan Area Transit Authority (WMATA), pursuant to F.R. Evid. Rule 403, moves this court for the entry of an order precluding the plaintiff from offering any evidence, argument or comment to support a claim of sorrow, grief, mental distress, loss of emotional bond, or for loss of love and affection that Aubria Walters may have suffered because of her mother's death. WMATA further requests the court to enter an order specifically limiting plaintiff's evidence to a single witness, not Aubria Walters, with knowledge of care, education, training, guidance, and parental advice services that decedent provided to Aubria Walters.

By this motion, defendant WMATA requests the court to require plaintiff to proffer her intended evidence and argument on this "guidance" element of damages, and further requests an order limiting plaintiff's evidence to avoid the introduction of improper sentimental evidence, argument or comment that will mislead and confuse the

jury, causing the jury to improperly weigh in their deliberations evidence of damages based upon Aubria Walters' emotional or sentimental loss.

WMATA submits that plaintiff should be instructed to offer only appropriate evidence through the testimony of one witness, such as personal representative, Gladys Sutton (Aubria Walter's grandmother), and make properly circumscribed argument, without resorting to evidence showing directly or indirectly that Aubria Walters suffered an emotional or sentimental injury.

I support of this Motion, defendant WMATA submits its Memorandum of Points and Authorities.

WHEREFORE, defendant WMATA moves this court for the entry of an appropriate Order in Limine on the issues of loss of care, education, training, guidance and parental advice.

        Respectfully submitted,

        WASHINGTON METROPOLITAN AREA
          TRANSIT AUTHORITY

        Mark F. Sullivan, #430876
        Deputy General Counsel

        _____/s/_____
        Fredric H. Schuster, #385326
        Associate General Counsel

        _____/s/_____
        David J. Shaffer, #413484
        Assistant General Counsel
        600 Fifth St., N.W.
        Washington, D.C. 20001
        (202) 962-2560

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2008, a true copy of the foregoing motion in limine and supporting memorandum of law was electronically served on:

Paul J. Maloney
Kelly M. Lippincott
Carr Maloney
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036

　　　　　　　　　　　／s／
　　　　　　　Fredric H. Schuster, #385326

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLADYS CLAUDETTE SUTTON,**<br>**Personal Representative of the Estate of**<br>**Angel Walters,**<br><br>        **Plaintiff,**<br><br>        v.<br><br>**WASHINGTON METROPOLITAN**<br>**AREA TRANSIT AUTHORITY,**<br><br>        **Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:    Case No. 07–1197 (JDB)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION IN LIMINE REGARDING EVIDENCE OF CARE,**
**EDUCATION, TRAINING, GUIDANCE AND PARENTAL ADVICE**

Defendant Washington Metropolitan Area Transit Authority (WMATA) requests an order limiting evidence, argument, or comment on the damage issue of decedent's care, education, training, guidance and parental advice for Aubria Walters.

Evidence should be excluded or limited if its probative value is substantially outweighed by the danger of unfair prejudice, or a tendency to confuse or mislead the jury. F.R. Evid. 403. Evidence with only slight or marginal relevance, but which has potential to inflame the emotions of the jury and distract the jury from the issues in the case should be excluded.

> The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one end, to nothing more than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and the need for evidence against the harm likely to result from its admission.

Rule 403 Advisory Committee Notes, 1972. Hemphill v.WMATA, 982 F.2d 572, 574 & n. 3 (D.C. Cir. 1992) (Ginsberg, J.)

This accident occurred on February 17, 2007, when Aubria was only 5 years old. Aubria was born on December 28, 2001, and she is now 6 years old. WMATA submits that evidence regarding this element of damages should be appropriately limited to the testimony of one witness, and that Aubria should not be permitted to testify. At her young age, it is doubtful that Aubria will be able to appreciate and follow any of the court's instructions limiting her testimony and she would not be the best, most reliable witness recalling services provided by her mother from her birth to age 5. Rather, her maternal grandmother, Gladys Sutton, who lived with her until the date of her death, should be able to provide such testimony in a way that would properly avoid an emotional impact upon the jury.

Plaintiff intends to present an economic expert, Gerome Staller, to evaluate lost household services, such a cooking, cleaning, shopping and other tangible services, and intends to seek additional damages for loss of training, guidance and advice. Although WMATA appreciates the difference between household service and guidance service, the $200,000 allocated by Mr. Staller for Aubria places a definite number on loss of household services. The jury must be able to consider clear, unemotional evidence, avoid speculation, and arrive a similar economic value for the additional loss of services of training, guidance and advice.

Plaintiff seeks to recover damages to decedent's 6-year old child, Aubria, for loss of care, education, training, guidance and parental advice that she would have received from her mother had the accident not occurred and her mother lived . Defendant

2

submits that plaintiff must steer a fine line between damages which are recoverable and those which are not, such as sentimental losses for loss of consortium, loss of society, grief, love, emotional bond, and affection.

Under the District of Columbia Wrongful Death Act, pecuniary damages "may be recovered from the death provided that the personal representative of deceased's estate prevails in their behalf in the wrongful death action established by statute." Runyon v. District of Columbia, 463 F.2d 1319 (D.C. Cir. 1972). Pecuniary damages are those economic, actual-loss damages that can be estimated and monetarily compensated. Blacks Law Dictionary, 7th Edition. In the District of Columbia, plaintiff can recover for the lost share of expected future earnings from the decedent and the pecuniary value of lost services expected to be performed by decedent. "Such services include, for example, the nurture, training, education, and guidance that a child would have received had not the parent been wrongfully killed." Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573 (1974) (Jones Act).[1] Simply put, the jury must be able to place a monetary, reasonably calculable value on such services, but should not speculate or consider issues of the plaintiff's emotional losses. Only evidence which is relevant to pecuniary damages is admissible. WMATA submits that one witness, such as Aubry's grandmother who lived with her and her mother, and was one of her primary care givers before the February 17, 2007 accident, should suffice and plaintiff should be required to justify presenting additional witnesses on this element of damages. Further, plaintiff

---

[1] See also Baltimore and Ohio Railroad v. The State of Maryland, 63 Md. 135 (1885). In Baltimore, the Court of Appeals of Maryland stated that a "claim for damages must be founded on pecuniary loss, actual or expected, suffered by the persons described in the statute. . . .the right to maintain the action, is therefore based on the pecuniary interest of the plaintiffs in the life of the person killed and the value of such interest is the measure by which damages are to be allowed". Id. at 146 .

should agree to limit the evidence to proof of actual pecuniary losses and avoid any emotional or sentimental evidence, argument, or comment.

The District of Columbia Court of Appeals set forth applicable standards in Doe v. Binker, 492 A.2d 857, 863-864 (D.C. 1985). See also, Standardized Civil Jury Instructions for the District of Columbia, No. 14-5, page 14-7 (rev. 2007). ("[J]ury should set a dollar amount on the reasonable value of services. . . .") In Doe, a wrongful death action was brought by the wife and three daughters of a man killed in a motor vehicle accident. The plaintiffs sought lost household services from the decedent. Evidence introduced at trial included the decedent's care of his daughters on his days off, preparation of meals, transportation to and from events, home repairs, grocery shopping, and other services with quantifiable value. Recent District of Columbia decisions follow Doe, supra. In the case of the District of Columbia v. Hawkins, 782 A.2d 293 (2001), the plaintiff child sought damages which included loss of maternal services. The Court stated that, "in addition to allowing for pecuniary losses resulting from the loss of financial support the decedent could have been expected to provide his next of kin, recovery is allowed for the value of services the decedent would have provided, including, e.g., loss of care, education, training, guidance and personal advice." Id at 303, citing Doe, supra.

It is equally well-settled that non-pecuniary, non-economic damages such as grief, loss of society, loss of companionship, loss of consortium, mental anguish, and sentimental loss, are not recoverable under the D.C. Wrongful Death statute. See Joy v. Bell Helicopter Textron Inc., 999 F.2d 549, 567 (D.C. Cir.1993); Elliott v. Michael James, Inc., 559 F.2d 759 (D.C. Cir. 1977); Ciarrocchi v. James Kane Co., 116 F.

Supp. 848 (D.D.C. 1953).

> In <u>Elliott</u>, the D.C. Circuit noted that,
>
> Perhaps none of our cases had delineated the problem [of valuation] more accurately than did Judge Holtzoff in <u>Hord v. National Homeopathic Hospital</u>, 102 F. Supp.792. 794 (D.D.C. 1952). [affirmed, 204 F.2d 397 (1953)] There he noted that no compensation is permitted for grief, mental anguish or sentimental loss. The purpose of the restriction, he explained, was to confine the amount of damages within reasonable bounds as to prevent improvident and extravagant awards.

<u>Id</u>. at 766.

The D.C. Circuit also noted in <u>Eliott</u> that damages in a Wrongful Death claim should not be speculative and difficult to calculate. <u>Id.</u> The prohibition of any recovery for grief, mental anguish, or sentimental loss prevents jury speculation and assist the jury in reaching a non-emotional verdict. Moreover, the D.C. Wrongful Death Act does not provide for compensation for non-economic losses, such as hedonic value ("life's enjoyment"). <u>District of Columbia v. McNeil</u>, 613 A.2d 940, 943 (D.C. 1992).

Loss of consortium, i.e., loss of the deceased's society, care and attention, is not an element of damages recoverable under the Wrongful Death Act. In <u>Joy v. Bell Helicopter Textron Inc.</u>, the D.C. Circuit refused to allow an award loss of consortium. The Court noted that nothing in prior case law allowed damages to be awarded for loss of consortium and held such damages were unavailable. <u>Id</u>. at 567. See <u>St. Clair v. Eastern Airlines, Inc.</u>, 302 F.2d 477 (2nd Cir. 1962) (applying D.C. law); <u>Brown v. Curtin & Johnson, Inc.</u>, 117 F. Supp. 830 (D.D.C. 1954), <u>aff'd.</u> 221 F.2d 106 (1955); <u>Ciarrocchi v. James Kane Co.</u>, 116 F. Supp. 848 (D.D.C. 1953). Loss of society, similar to loss of consortium, is also not permitted. Loss of society has been described as follows:

> The term "society" embraces a broad range of mutual benefits

5

> each family member receives from the others' continued existence, including love, affection, care, attention, companionship, comfort, and protection.

Sea-Land, at 585. In Elliott v. Michael James, Inc., 559 F.2d at 767, n. 19, the D.C. Circuit rejected claims for loss of society under the D.C. Wrongful Death Act, citing and relying instead upon the dissent in Sea-Land, 414 U.S. at 595, et seq., where four justices of the Supreme Court rejected "sentimental damages" under federal maritime law. Thus, a child's claims for the unquantifiable value of loss of sentimental benefits such as love, affection, emotional bond, companionship, comfort and protection, are not available under the Wrongful Death Act. Reflecting this prohibition of non-pecuniary damages, the District of Columbia Wrongful Death Jury Instruction states,

> The Wrongful Death Act does not permit you to, and you must not, award the beneficiaries any amount for the sorrow, mental distress or grief, or for the loss of love and affection that they may have suffered because of [the deceased's] death.

Standardardized Civil Jury Instructions For The District of Columbia, No. 14.05.

In this case, evidence, argument or comment referring to non-pecuniary, sentimental losses before the jury would be improper and have the potential to confuse and mislead the jury to consider grief and loss of maternal affection, to speculated and award non-pecuniary, sentimental damages. WMATA seeks an order limiting evidence of "loss of care, education, training, guidance, and parental advice" to testimony of specific services that the decedent provided to the child, upon which the jury could reasonably place a pecuniary value on each service, and thereby calculate a economic, rather than a sentimental, emotional loss.

Plaintiff should also be ordered not to refer directly, or indirectly, to grief, society,

companionship, consortium, mental anguish, sentimental loss, sorrow, love, care, affection and any other term or reference in order to elicit an emotional response. WMATA wishes to prevent testimony and evidence that might "back door" or imply sentimental or emotional loss. Allowing such improper evidence or argument would defeat what Judge Holtzoff and subsequent courts have strived to avoid: "extravagant verdicts for grief and injury to feelings." Hord v. National Homeopathic Hospital, 102 F. Supp. 792, 794 (D.D.C. 1952).

Plaintiff's evidence and argument should be strictly limited to specifically describe particular services that the decedent had historically provided to Aubria -- services for which a jury can fairly place a reasonable dollar value. The jury must not be encouraged to speculate or guess at a values of imagined services.

Therefore, WMATA requests an order preventing plaintiff, or her witness and attorneys from referring to grief, loss of society, loss of companionship, loss of consortium, mental anguish, sentimental loss, sorrow, love, emotional bond, or affection, because such evidence or argument would have a natural tendency to elicit an emotional response and encourage improper "sentimental" damages.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
  TRANSIT AUTHORITY

Mark F. Sullivan, #430876
Deputy General Counsel

      /s/
_____
Fredric H. Schuster, #385326
Associate General Counsel

      /s/
_____
David J. Shaffer, #413484
Assistant General Counsel
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2560

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLADYS CLAUDETTE SUTTON,** **Personal Representative of the Estate of Angel Walters,** **Plaintiff,** v. **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** **Defendant.** | Case No. 07–1197 (JDB) |

## ORDER

Upon consideration of defendant WMATA's motion in limine regarding evidence of damages arising from Aubria Walter's loss of parental care, education, guidance, and parental advice, the opposition thereto, and defendant's reply, it is this _____ day of _____, 2008, ordered that the motion in limine is GRANTED, and plaintiff is precluded from offering any evidence, argument, or comment regarding loss of love, affection, emotional bond, companionship, comfort and protection, loss of consortium, loss of society, or other non-pecuniary, sentimental damages. It is further ordered that plaintiff is directed to limit the evidence of loss of parental care, education, guidance and advice to one witness, although not Aubria Walters who is too young to reliably supply such evidence, and to instruct such witness to limit his or her testimony consistent with this order.

                                                                  _____
                                                 John D. Bates
                                                 U.S. District Court Judge

cc: Paul J. Maloney
     Kelly M. Lippincott
     Fredric H. Schuster
     David J. Shaffer