IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLADYS CLAUDETTE SUTTON : | |
| Plaintiff, : | |
| v. : | Case No. 07–1197 (JDB) |
| WASHINGTON METROPOLITAN : AREA TRANSIT AUTHORITY : | |
| Defendant. : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* REGARDING PLAINTIFF'S CLAIM OF LOSS OF CARE, EDUCATION, TRAINING, GUIDANCE AND PARENTAL ADVICE**

Plaintiff, by her Opposition, argues that Defendant seeks to constrain too narrowly her proof of damages of loss of care, education, training, guidance and parental advice that decedent would have provided her daughter under the Wrongful Death Act. Plaintiff, by contrast, seeks to present, according to her Pretrial Statement, 16 witnesses on this point, consisting of decedent's mother, siblings, friends, teachers and a child psychiatrist. The Court should limit plaintiff's proof in several ways:

(1)   The Court should not permit the decedent's six-year old child to take the stand. This testimony is too inherently unreliable and prejudicial in front of a jury. There is no way a six-year old child will be able to understand the difference between permissible testimony of loss of care, education, training, guidance and parental advice and evidence of grief, sorrow, emotional distress or loss of parent-child consortium, which is not permissible. Joy v. Bell Helicopter Textron, Inc.., 999 F.2d 549, 567 (D.C.

1

Cir. 1993). Such testimony will also be highly prejudicial and should not be permitted under Fed. R. Civ. P. 403. To the extent the witness steps over these boundaries, a potential for mistrial exists. To be sure, plaintiff's counsel may be allowed to lead this witness through the minefield of permissible testimony that should be ordered by the Court, but with a sympathetic six year old girl on the witness stand, no limiting instruct will "unring" the bell.[1]

(2)     If, as plaintiff argues, limiting her to one witness is too restrictive, the testimony of 16 witnesses on this point, is unduly cumulative and will cause the jury to give it undue weight. Plaintiff should be restricted to the child's grandmother. Otherwise, this is going to be a three week trial instead of a two week one. The trial court had "broad discretion" over the decision to exclude cumulative evidence. United States v. Dunn, 846 F.2d 761, 763 (D.C. Cir. 1988); see generally Weinstein's Federal Evidence § 403.06 (2008).

(3)     Expert medical opinion is not proper for the grounds discussed in Defendant's Motion *In Limine* regarding Dr. Kinlan.

(4)     Only pecuniary damages are allowable. Baltimore and Potomac RR Co. V. Gulway, 6 App. D.C. 143, 174 (1895)(based on Act of Congress preceding but consistent with current D.C. Wrongful Death Act). To be sure, this is a question for the jury, id, but it must be measured by specific pecuniary losses.

This is an area where the Court has immense discretion. Defendant, although an impersonal governmental body to the jury, deserves the same right to a trial by the

---

[1]Contrary to plaintiff's opposition, Doe v. Binker, 492 A.2d 857 (D.C. 1985), does not stand for the proposition that a six-year old child is competent to testify.

rules of evidence and within the boundaries of the D.C. Wrongful Death Act as does plaintiff. Keeping a six-year old child off the witness stand and limiting plaintiff's evidence to a reasonable number of witnesses is well within the Court's discretion to avoid unfair prejudice, needless waste of time and cumulation of evidence under Fed. R. Evid. 403. Defendant requests that the Court enter an Order so providing.

                           **Respectfully submitted,**

                           /s/
                           **Fredric H. Schuster, #385326**
                           **Associate General Counsel**

                           /s/
                           **David J. Shaffer, #413484**
                           **Assistant General Counsel**
                           **600 Fifth St., N.W.**
                           **Washington, D.C. 20001**
                           **(202)-962-2560**
                           **Counsel for Defendant  WMATA**