UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLADYS CLAUDETTE SUTTON, : <br> Individually and as Personal : <br> Representative of the Estate and Next of Kin of : <br> ANGEL CLAUDETTE WALTERS, Deceased : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> WASHINGTON METROPOLITAN AREA : <br> TRANSIT AUTHORITY, : <br> : <br> Defendant. : | Case No.:07- 01197 (JDB) |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED STATEMENT OF MATERIAL FACTS IN DISPUTE

Plaintiff Gladys Sutton, pursuant to Fed. R. Civ. P. 56, LCvR 56.1, LCvR 15.1, and LCvR 7(h) respectfully requests leave of this Honorable Court to amend its Statement of Material Facts in Dispute, and further states as follows:

On July 3, 2008, WMATA filed a Motion for Leave to File Motion for Summary Judgment. Plaintiff opposed WMATA's request to late file its motion as the request was filed over two months after the deadline for filing dispositive motions. On July 9, 2008, this Court granted WMATA's Motion for Leave. On August 21, 2008, WMATA filed its Reply to Plaintiff's Opposition to the Motion for Summary Judgment. WMATA's Reply was over 20 pages in length.[1] WMATA's Reply is more than double the length permitted by this Court.

---

[1] On August 27, 2008, Plaintiff filed a Motion to Strike Defendant's Reply to Opposition to Motion for Summary Judgment for exceeding the page limit as set by this Court, which is currently pending before this Court.

In its lengthy Reply, Defendant argues that certain "material facts" as stated in WMATA's Statement of Material Facts have not been disputed by the Plaintiff. Plaintiff contends that it has fully disputed all material facts that are in dispute and has controverted the key "material facts" for the purposes of the motion for summary judgment. In effort to preserve the record in this case, Plaintiff seeks leave to file an Amended Statement of Material Facts in Dispute, attached hereto as Exhibit A. The additional contested facts are in bold.

On August 27, 2008, undersigned counsel contacted WMATA's counsel, David J. Shaffer, Esq., and sought his consent to this Motion. WMATA does not consent to this motion.

For these reasons, Plaintiff respectfully requests that this Honorable Court grant Plaintiff leave to file the Amended Statement of Material Facts in Dispute, attached hereto as Exhibit A.

                                                    Respectfully submitted,

By:    /s/ Kelly M. Lippincott
           Paul J. Maloney, Esquire
           D.C. Bar No. 362533
           Kelly M. Lippincott, Esquire
           D.C. Bar No. 484610
           Carr Maloney P.C.
           1615 L Street, N.W., Suite 500
           Washington, D.C. 20036
           (202) 310-5500 (telephone)
           (202) 310-5555 (facsimile)
           pjm@carrmaloney.com
           kml@carrmaloney.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing *Plaintiff's Motion for Leave to File Amended Statement of Material Facts in Dispute* was e-filed and served electronically this 27th day of August, 2008, to:

>Fredric H. Schuster, Esquire
>David J. Shaffer, Esquire
>Assistant General Counsel
>Washington Metropolitan Area Transit Authority
>600 Fifth Street, N.W.
>Washington, D.C. 20001

>/s/ Kelly M. Lippincott
>Kelly M. Lippincott, Esquire
>D.C. Bar No. 484610
>Carr Maloney P.C.
>1615 L Street, N.W., Suite 500
>Washington, D.C. 20036
>(202) 310-5500 (telephone)
>(202) 310-5555 (facsimile)
>kml@carrmaloney.com
>Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLADYS CLAUDETTE SUTTON,            :
Individually and as Personal         :
Representative of the Estate and Next of Kin of :
ANGEL CLAUDETTE WALTERS, Deceased    :
                                     :
       Plaintiff,                    :     Case No.:07- 01197 (JDB)
                                     :
    v.                               :
                                     :
WASHINGTON METROPOLITAN AREA         :
TRANSIT AUTHORITY,                   :
                                     :
       Defendant.                    :

**PLAINTIFF'S AMENDED STATEMENT OF MATERIAL FACTS IN DISPUTE**

Plaintiff Gladys Sutton, pursuant to Fed. R. Civ. P. 56, LCvR 56.1, and LCvR 7(h), submits the following Amended Statement of Material Facts in Dispute:

1. On February 17, 2007, at approximately 11:09 p.m., Angel Claudette Walters was struck and killed by a Metrobus as she was standing next to a parked vehicle on Congress Street, SE, Washington, DC from which she had alighted.  Surveillance Video.  (Exhibit 1)

2. Approximately one minute and fifteen seconds before Ms. Walters was struck by the Metrobus, Ms. Walters, her five-year-old daughter, and three girlfriends returned from shopping and dinner in a black Cadillac Escalade, which parallel parked on the side of Congress Street, SE. (Report of David Plant, dated November 9, 2007, at p. 3 attached as Exhibit 2; Exhibit 1).

3. Ms. Walters, who was a left rear passenger, got out of the vehicle and retrieved two large, white bags from the back of the vehicle.  (Exhibit 1; Exhibit 2).  **In paragraph 3 of WMATA's Statement of Material Facts ("SMF"), Defendant states that "the left rear driver's side of the car [was] closer to the travel lane of the street than it would normally be had the**

1

**vehicle been parked closer to the curb." Defendant provides no support for this assertion as to what is "normal."**

4. At least 7.73 seconds prior to the impact, when the Metrobus was 167 feet away from the point of impact, Ms. Walters started to walk toward the point of impact. (Exhibit 1; Exhibit 2).

5. At least 6.67 seconds prior to the impact, when the Metrobus 140 feet away from the point of impact, Ms. Walters stepped onto the non-ice portion of the pavement carrying the two white bags. (Exhibit 1; Exhibit 2).

6. At least 5.33 seconds prior to the impact, when the Metrobus was 110 feet away from the point of impact, Ms. Walters paused before beginning to cross the street. (Exhibit 1; Exhibit 2).

7. At the time the Metrobus struck Ms. Walters, it was traveling 15-20 m.p.h. (Exhibit 2 at p. 8).

8. If Brenton Fairnot, the Metrobus operator, would have applied his brakes while traveling at 15 m.p.h., he would have been able to stop the bus in less than 30 feet. (Exhibit 2 at p. 9).

9. If Mr. Fairnot was traveling 20 m.p.h., he would have been able to stop the bus in less than 48 feet. (Exhibit 2 at p. 9).

10. The area of the accident was well illuminated. Congress Street was lined with street lights that illuminated the roadway. Ms. Walters was standing at a location that was between two street lights. (Exhibit 1; Exhibit 2 at p. 7). **In paragraph 12 of WMATA's SMF, defendant states that "There was white snow on the ground." Defendant refers to photographs of the scene.**

**The photos speak for themselves and are the best evidence as to the location and color of the snow/ice that was on a portion of the roadway, and not Defendant's characterizations of same.**

11. The Escalade headlights and taillights were both on prior to the time of impact. Mr. Fairnot should have seen the taillights on the Escalade at a minimum of 500 feet prior to impact. Deposition of WMATA's accident reconstruction expert, Stephen Chewning, dated March 7, 2008, p. 16, l. 14-21 (Exhibit 3).

12. At his deposition, Mr. Fairnot identified the Metrobus Standard Operating Procedures on which he was trained. The procedures included the following:

### FOREWARD

- This handbook has been designed and prepared to provide the Metrobus employee with clearly defined bus operating procedures…. (p. 1)

- Illustrated and explained in this manual are the standards for Metrobus operation under normal traffic conditions. (p. 1)

### OBSERVATIONS

- Observations are critical to the safe operation of a bus. The way you drive is a direct response to what you see. Every person, object, or vehicle within the traffic patterns must be observed. The operator must survey the road, evaluate traffic conditions, and identify all hazards in the driving environment…. (p. 38)

- Looking 12-15 seconds ahead:

    o At least one block ahead in city traffic… (p. 38)

### DEFENSIVE DRIVING

- Accident prevention is a major goal of professional operators. The professional operator drives to avoid all accidents in spite of the actions of others or the presence of adverse driving conditions. Defensive driving has three major concepts:

    (1) see the danger:
    - Scan the road
    - Observe all hazards in the driving environment

- Establish the accident potential:
  - Anticipate movement
  - Be alert to changes in the traffic pattern

(2) Understand the defense:

- Be prepared to stop smoothly
- Steer to avoid danger before emergency actions is (sic) required

(3) Initiate immediate action:

- React to first possible perception of danger
- Provide maximum braking, steering time and distance
- Avoid passenger injury and vehicle abuse (p. 41)

**PEDESTRIAN ACCIDENTS**

| Position of Pedestrian | Possible Action of Pedestrian | Defensive Action of Operator |
| --- | --- | --- |
| Pedestrian Ahead | Stand or walk in front of moving bus | Slow down or stop to permit pedestrian to cross. Proceed only when certain that pedestrian will stay clear of the bus. (p. 44) |

(Exhibit 4, Deposition of Fairnot, p. 174, l. 12 to p. 176, l. 16; p. 180, l. 16 to p. 186, l. 12; Exhibit 5, Metrobus Standard Operating Procedures, relevant portions only).

13. On November 7, 2007, plaintiff's accident reconstructionist, David Plant, performed visibility testing at the accident scene with the same WMATA Metrobus that struck and killed Ms. Walters. The testing was done at night. Mr. Plant positioned the same Escalade that was present the night of the incident and had its headlights and taillights on during the testing, as they had been the night of the incident. He positioned the Metrobus at 75 feet, 110 feet, 140 feet, 167 feet, and 196 feet from the rear of the Escalade. A five foot two inch tall, African-American female, clothed in jeans, a black coat, sneakers, purple hat, and carrying two white exemplar shopping bags participated in the study. The clothing and positioning was virtually identical to that of Ms. Walters

on the night of the incident. With the bus in various positions, Mr. Plant observed the visibility from the driver's position of the bus and recorded the visibility with photographs. The area of the impact was clearly visible from 196 feet away and that Ms. Walters was clearly visible when the bus was 140 feet away, which is the distance the bus was from the point of impact when Ms. Walters stepped to the area of the impact. (Exhibit 1; Exhibit 2 at pp. 3; and 7; Photographs from Visibility Study (Exhibit 6).

14. According to WMATA's expert witness, Stephen Chewning, Mr. Fairnot was incorrect in his deposition when he said that Ms. Walters was not visible on the night of the accident. Mr. Fairnot should have seen her at approximately 200 feet prior to point of impact. (Deposition of Stephen Chewning, dated March 7, 2008, p. 14, l. 7 to p. 16, l. 13 (Exhibit 3)).

15. According to WMATA's accident reconstruction expert, Stephen Chewning, if the Escalade hatchback was up and the inside light was on, Mr. Fairnot should have been able to see that from approximately 200 feet away. (Deposition of Stephen Chewning, dated March 7, 2008, p. 17, l. 18 to p. 18, l. 13 (Exhibit 3)).

16. According to WMATA's accident reconstructionst expert witness, Will Partenheimer, Mr. Fairnot should have seen Ms. Walters on the night of the accident. (Deposition of Will Partenheimer, dated March 7, 2008, p. 9, l. 5-8 (Exhibit 7)).

17. According to WMATA's accident reconstruction expert, Stephen Chewning, Ms. Walters was standing 9.3 feet into the roadway at the time of the accident, and the Escalade was 6 feet wide. (Deposition of Stephen Chewning, dated March 7, 2008, p. 27, l. 5-12 (Exhibit 3)).

18. The distance between the curbs at the point of impact was approximately 34 feet. There were no cars parked on the opposite side of the street from the Escalade for at least 100 feet in

the direction that the Metrobus was traveling. (Deposition of Will Partenheimer, dated March 7, 2008, p. 46, l. 16 to p. 47, l. 14 (Exhibit 7)).

19. The Escalade was between Ms. Walters and the curb at the time of impact, and approximately 1.5 feet away from Ms. Walters. If she were to have backed up, she would have backed into the left rear corner of the Escalade. (Deposition of Will Partenheimer, dated March 7, 2008, p. 49, l. 8-19 (Exhibit 7)). **In paragraph 4 of WMATA's SMF, Defendant states that Ms. Walters was standing 2-3 feet from the left rear side of the Escalade. Defendant's expert, Will Partenheimer, testified that Ms. Walters was standing approximately 1.5 feet from the Escalade.**

> **Q: How many feet was she away from the Escalade?**
> **A: She was approximately 1.5 feet.**

*See*, **Deposition of Will Partenheimer, at p. 49, lns. 11-13.**

**In paragraph 9 of WMATA's SMF, Defendant states that Ms. Walters had to move "a couple of feet" to avoid being struck by the bus. Defendant cites David Plant's deposition, however, it misquotes Mr. Plant's testimony.**

> **Q: Do you have an opinion as to how far she would've had to move in order to remove herself away from the path of the bus?**
> **[Objection omitted.]**
> **A: No. It would have to be several feet. I don't even have a precise location on the front of the bus where she makes contact. It was the right front, but exactly where, I don't know. I can say that it's certainly at least a couple of feet.**

**Deposition of David Plant at p. 89, lns. 1-9.**

20. Between Ms. Walters and the Escalade was 1.5 feet of snow. If Ms. Walters backed up even one inch, she would have been standing on snow and ice. (Deposition of Will Partenheimer, dated March 7, 2008, p. 49, l. 20 to p. 50, l. 18 (Exhibit 7)).

21.     According to WMATA's accident reconstructionist expert, Will Partenheimer, Mr. Fairnot could have stopped or driven around Ms. Walters. (Deposition of Will Partenheimer, dated March 7, 2008, p. 22, l. 15-22 (Exhibit 7)).

22.     There is a genuine issue of material fact whether Ms. Walters was attempting to cross the road prior to impact, or whether she had stopped to allow the bus to pass. (The record herein).

23.     There is a question of fact when Ms. Walters saw and/or heard the bus prior to impact. (The record herein).

24.     Mr. Fairnot admits that he should have seen Ms. Walters on the night in question. (Exhibit 4, p. 198, l. 20 to p. 199, l. 3).

25.     If Mr. Fairnot had seen Ms. Walters at a point shortly before impact, he could have taken evasive action, to include steering to the left, honking his horn, flashing his bright lights, or some other evasive type of activity. (The record herein). **In paragraph 8 of WMATA's SMF, Defendant states that Ms. Walters "took no evasive action to remove herself from the path of the bus." There is no testimony that Ms. Walters either took or did not take evasive action. The surveillance video of the incident, attached as Exhibit 1, speaks for itself and it will be the ultimate responsibility of the jury to review this evidence to see if Ms. Walters took any evasive action.**

26.     WMATA bus drivers had struck and killed at least four pedestrians in the nine months prior to Angel Walters' death, including two people on February 14, 2007, three days before this accident. On February 16, 2007, all WMATA bus drivers were given special handouts reminding them to give particular care to pedestrians crossing streets. (Exhibit 8).

27.     There were no obstructions of sight for Mr. Fairnot for a substantial time before impact. (Exhibit 4, Fairnot Deposition, p. 115, l. 13 to p. 116, l. 13).

28. **Plaintiff has placed at issue all material facts as set forth by the Defendant in its Motion for Summary Judgment. To the extent, not specifically refuted, Plaintiff relies upon all reasonable inferences from all evidence admissible at trial in support of her contention that Angel Walters was not contributorily negligent, and to the extent Defendant argues she was, Brenton Fairnot had the last clear chance to avoid the accident.**

          Respectfully submitted,

By:   /s/ Kelly M. Lippincott
Paul J. Maloney, Esquire
D.C. Bar No. 362533
Kelly M. Lippincott, Esquire
D.C. Bar No. 484610
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)
pjm@carrmaloney.com
kml@carrmaloney.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Plaintiff's Amended Statement of Material Facts in Dispute* was served electronically this 27th day of August, 2008, to:

>Fredric H. Schuster, Esquire
>David J. Shaffer, Esquire
>Assistant General Counsel
>Washington Metropolitan Area Transit Authority
>600 Fifth Street, N.W.
>Washington, D.C. 20001

>/s/ Kelly M. Lippincott
>Kelly M. Lippincott, Esquire
>D.C. Bar No. 484610
>Carr Maloney P.C.
>1615 L Street, N.W., Suite 500
>Washington, D.C.  20036
>(202) 310-5500 (telephone)
>(202) 310-5555 (facsimile)
>kml@carrmaloney.com
>Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLADYS CLAUDETTE SUTTON, Individually and as Personal Representative of the Estate and Next of Kin of ANGEL CLAUDETTE WALTERS, Deceased | : : : : : | |
| Plaintiff, | : : | Civil Action No.:07- 01197 (JDB) |
| v. | : : | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : : : | |
| Defendant. | : | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for Leave to File Amended Statement of Material Facts in Dispute, any opposition thereto, and the entire record herein, it is on this _____ day of _____, 2008 hereby

ORDERED that Plaintiff's Motion for Leave to File Amended Statement of Material Facts in Dispute is GRANTED; and it is further

ORDERED that Plaintiff's Amended Statement of Material Facts in Dispute, attached as Exhibit A to Plaintiff's Motion, is hereby filed as of the date of this Order.

_____
Judge John D. Bates

cc:    Paul J. Maloney, Esquire
       Kelly M. Lippincott, Esquire
       Carr Maloney P.C.
       1615 L Street, N.W., Suite 500
       Washington, D.C.  20036

       Frederic H. Schuster, Esquire
       David J. Shaffer, Esquire
       Associate General Counsel
       600 Fifth Street, N.W.
       Washington, D.C.  20001