IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              :
**GLADYS CLAUDETTE SUTTON,**                  :
**Personal Representative of the Estate of**  :
**Angel Walters,**                            :
                                              :
        **Plaintiff,**   :
                                              :
    v.                     :   Case No. 07–1197 (JDB)
                                              :
**WASHINGTON METROPOLITAN**                   :
**AREA TRANSIT AUTHORITY,**                   :
                                              :
        **Defendant.**   :
_____           :

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT WMATA'S MOTION FOR SUMMARY JUDGMENT[1]

    A.    Angel Walters Failed to Yield the Right of Way to the Bus, and Therefore Was Contributorily Negligent As A Matter of Law.

Entering and stopping in the travel portion of the road does not constitute yielding the right of way to vehicles traveling in the road under 18 D.C.M.R. § 2304.2. Yielding the right a way requires a pedestrian to stand back out of the way. Yielding does not mean waiting in the favored vehicle's path of travel. In the District of Columbia, "Each pedestrian crossing a roadway at any place other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right-of-way to all vehicles upon the roadway." 18 D.C.M.R. Vehicles and Traffic §

---

[1] Contrary to the requirements of Local Civ. R. 7(h), plaintiff has failed to respond to several of Defendant WMATA's Statement of Material Facts Not in Dispute. The motion raises two issues: whether Angel Walters was contributorily negligent as a matter of law, and whether the doctrine of Last Clear Chance is applicable to this case. Careful analysis demonstrates that the following <u>material</u> facts are not in dispute: Nos. 3, 4, 5, 6, 7, 8, 9, 10, and 12.

2304.2

Yielding the right of way requires that a pedestrian look carefully in the direction from which she may anticipate the approach of vehicles immediately before venturing into the pathway of traffic. Law v. Virginia Stage Lines, Inc., 444 F.2d 990, 993-94 (D.C. Cir. 1971); Horton v. Stoll, 3 Cal. App. 2d 687, 690, 40 P.2d 603, 604 (1935). She must stop, remain stationary, watch vehicles approach and wait for them to pass. Mitrovitch v. Graves, 25 Cal App. 2d 649, 78 P.2d 227, 231 (1938); see also Stroud v. Hansen, 48 Cal. App. 2d. 556, 120 P.2d 102 (1941).

If a pedestrian sees an approaching motor vehicle by keeping a proper lookout in time to have taken precautions to avoid the motor vehicle striking her, she is required to step out of its way. See Hammerbacher v. Babechenko, 348 Mich. 139, 152, 82 N.W.2d 456, 462-463 (1957). The duty upon a pedestrian either standing or crossing a street is to be vigilant for her own safety and requires that she move out of the way of an approaching motor vehicle. See Andrukat v. Packard Lackawanna Auto Co., 27 A.2d 453, 455 (Pa. Super. 1942); Ortega v. State Farm Mut. Auto. Ins. Co., 295 So. 2d 593 (La. App. 1974); Dean v. Allied Underwriters, 11 So. 2d 93 (La. App. 1942). Failure to yield the right-of-way to vehicular traffic while crossing in the middle of the block is contributory negligence as a matter of law. Law v. Virginia Stage Lines, Inc., 444 F.2d at 994; U.S. F. & G. v. Royer, 230 Md. 50, 185 A.2d 341 (1962).

In Robinson v. District of Columbia, 580 A.2d 1255 (D.C.1990), plaintiff-pedestrian was injured when struck by defendant-government's van as she was crossing Third Street, N.W. without using visibly marked crosswalks on either side of her location. Plaintiff-pedestrian had observed the van beforehand; however she

assumed its operator would see her. She did not see the van before it struck her because she was looking in the opposite direction for oncoming traffic. The trial court directed a verdict in favor of the defendant on the issue of plaintiff's contributory negligence in that she had violated 18 D.C.M.R. Vehicles and Traffic § 2304.1  The D.C. Court of Appeals, however, held that plaintiff was negligent per se in that she made no attempt to comply with the law. 580 A.2d at 1257.

It is undisputed that Angel Walters was in the process of crossing the street on the way to her new apartment directly across from where the Escalade was parked; that she stopped and stood in the travel lane of the street for at least 5.3 seconds, with a clear view of the approaching bus coming from her left, and did nothing to remove herself from its path. She clearly did not yield the right of way to the approaching bus and violated 18 D.C.M.R. § 2304.2.  She is therefore contributorily negligent as a matter of law.

>B.     The Doctrine of Last Clear Chance Is Inapplicable To This Case.

>>1. Concurrent negligence is a bar to the Doctrine of Last Clear Chance

Although the D.C. Court of Appeals has assumed, without deciding,  that concurrent negligence is an exception to the Last Clear Chance Doctrine in District of Columbia v. Robinson, 644 A.2d 1004,1006  (D.C. 1994), a careful review of decisional law shows that the Court of Appeals has never definitively ruled on the subject. In such a case, this Court should look to the law of Maryland, from which the District of Columbia draws its common law and to which it looks first for precedent. See Conesco Industries, Ltd. v. Conforti Andeisele, Inc, 627 F.2d 312, 315 (D.C. Cir. 1980).

The D.C. Court of Appeals has already recognized Maryland law on the subject.

In Hall v. Hague, 257 A.2d 221 (D.C. 1969), the D.C. Court of Appeals, in a thorough discussion of Maryland law on the issue, held that the existence of concurrent negligence barred the application of last clear chance in the case of a Maryland motor vehicle accident.[2]

2.  Plaintiff's argument on the application of last clear chance is incorrect.

Plaintiff's reliance upon WMATA v. Young, 731 A.2d 389 (D.C. 1999) and Felton v. Wagner, 512 A.2d 291 (D.C. 1986) is misplaced. Both decisions support WMATA's motion for summary judgment.

In WMATA v. Young, a suddenly turning bus struck and injured a bicyclist. Mr. Young testified that he saw the bus ahead of him at an intersection, and traveled along the right side of the bus without slowing, unaware of the bus's turn signal and disregarded the bus's movement to initiate a sharp, right turn. The court noted:

> The bus then made a sudden sharp turn into the northern-bound lane of 29th Street, cutting across Young's path in the curb lane. Young tried to avoid the bus by braking and turning to the right, but he was unable to elude its continuing encroachment, and his bicycle struck the middle of the right side of the bus.

731 A. 2d at 391. Evidence supported the jury's conclusion that the bicyclist was trapped between the bus and the curb, and that he had no means of escape, other than possibly jumping the curb, to avoid the bus's "sudden" or "abrupt" sharp turn. Id. at 391-93. A witness observed that the bicyclist could not have done anything to avoid the

---

[2] Maryland law further recognizes that "whenever a motor vehicle has the right of way, it is negligence as a matter of law for a pedestrian to leave a place of safety for a position of danger without looking at approaching traffic." United States Fidelity and Guaranty Co. v. Royer, 185 A.2d 341, 343 (Md. 1962). Thus, in instant case, Ms. Walter's act of stepping into and remaining in the travel portion of the roadway is contributory negligence as a matter of law, and is concurrent negligence that bars the application of last clear chance.

collision. Id. at 392.

In Young, the court of appeals was not required to decide whether the plaintiff was contributory negligent as matter of law, because at trial the jury found that he was. Id. at 391. However, the court found that, under established District of Columbia precedent, Mr. Young was clearly contributorily negligent as a matter of law. Id. at 394, citing Washington v. A & H Garcias Trash Hauling Co., 584 A.2d 544 (D.C. 1990). The Young court's discussion of Washington is instructive. 731 A.2d at 394.

In Washington, the court found contributory negligence as a matter of law where a bicyclist essentially miscalculated the movements of a truck that suddenly turned in front of him. It found that the bicyclist was "fully chargeable with the knowledge that when the truck reached M Street on a green light and proceeded into the intersection, it would either go straight ahead or turn onto M. Street. The bicyclist, for his own safety, was obliged to pay close attention to the movements of the truck, and to anticipate the possibility that it might turn right, toward the bicycle . . . ." 584 A.2d at 546, quoted in Young, 731 A.2d at 394. In that context, the Young court affirmed its precedent that last clear chance only applies if the defendant has a superior opportunity to avoid the accident. Phillips v. D.C. Transit System, Inc., 198 A.2d. 740 (D.C. 1964).

> The [last clear chance] doctrine presupposes a perilous situation caused by the negligence of both the plaintiff and the defendant; it assumes that after the situation has been created there was time when the defendant could, and the plaintiff could not, avoid the accident.

Young, 731 A.2d. at 394, citing Griffin v. Anderson, 148 A.2d. 713, 714 (D.C. 1959).

Angel Walters was clearly contributory negligent as a matter of law, because the record establishes that she stood in the travel portion of the road, and delayed for 5.3

seconds in the process of crossing the street to reach her apartment, without giving right of way to the oncoming bus.  There is no allegation that she was not aware of, and attentive to, the bus as its come toward her.  To the contrary, plaintiff contends that Ms. Walters was aware and attentive. Opp. at 10 ("Ms. Walters was aware of the approaching Metrobus as evidenced by the 5.3 seconds she waited by the Escalade prior to the bus striking her.")   As with the bicyclist in Washington, Ms. Walters is "fully chargeable" with knowledge of the movements of the bus as it proceeded toward her.  The plaintiff could have avoided the collision by stepping backwards and behind the Escalade.

      Plaintiff's reliance upon Felton v. Wagner is also misplaced.  In Felton, the D.C. Court of Appeals affirmed the trial court's refusal to give the last clear chance instruction.  Ms. Felton testified that she was crossing, standing in the middle of opposing lanes of moving cars, and that she "froze" when Ms. Wagner's vehicle suddenly appeared from around a truck.  512 A.2d at 293.   Plaintiff has no evidence that Ms. Walter's "froze", rather than simply miscalculated and misjudged the movement or position of the bus as she watched it approach her position.   Tragically, decedent will not testify at this trial.  Setting aside plaintiff's impermissible speculation that Ms. Walter's "froze", rather than simply misjudged the bus's movement in her direction, the bus did not appear suddenly as it traveled around another vehicle.  The Felton court certainly would not have found the second element of last clear chance satisfied if Ms. Felton instead had observed Ms. Wagner's car traveling down the street as she stood improperly in the middle of opposing lanes of moving cars.

      Plaintiff argues that decedent was oblivious to the danger of the approaching bus

6

because she assumed the operator would observe her standing in the street and take the necessary action to safely pass her. She argues Ms. Walters had no reason to believe she was in a position of peril until she realized at the last second that the bus was not deviating from its path and going to strike her. Opp. at 10. Plaintiff does not argue that decedent did not, or could not, observe the approaching bus (Opp. at 10), or that a person standing in the street would be oblivious to the obvious danger posed by an approaching 40-foot bus.  Plaintiff's argument that Ms. Walters was somehow oblivious is unavailable under Young, supra at 396 and Washington, 584 A.2d at 546.

     Plaintiff argues that Ms. Walters was unable to extricate herself from her position of danger because, had she attempted to step back out of the travel lane of the road, she would have stepped onto the ice/snow along the left side of the Escalade. Opp. at 5-6.  Plaintiff's opposition also suggests that Ms. Walters was trapped somehow because she was standing next to the parked Escalade during the 5.3 seconds leading up to the collision. Opp. at 1, 6, 8, 10, and 13.   Plaintiff's own expert, David Plant, opines there is no evidence that the passing bus ever touched the snow/ice or contacted the Escalade. Plant Dep. at 86.  Mr. Plant has opined that Ms. Walters was standing 2 to 3 feet from the left side of the Escalade. ("Ms. Walters, at impact, was located in the street and was approximately 2 to 3 feet from the left side of the Escalade when she was struck by the front of the bus.") Plant Report at 6. The snow and ice extended approximately 1.5 feet from the left street side of the Escalade into the street.  Chewning/Partenheimer Report at 4; Partenheimer Dep. at 49-50.

     There is no evidence that, assuming Ms. Walter's attempted to move back from the street to avoid the passing bus,  she would have been obstructed by the snow or ice

7

on the road. There is no evidence decedent had any difficulty with snow or ice from the time she exited the Escalade, retrieved her packages from the rear, and walked into the street, to stand at the position 2-3 feet from the left side of the Escalade.  There is no record support that the snow and ice created a barrier to Ms. Walter's movements.  As opined by Defendant's expert, William Partenheimer, "If she walked across the ice, then she would have had to – she  would had either have had to step on it to get over where she was, or she would have stepped over.  Either form or fashion, she should have been able to do what she did to get out of there." Partenheimer, Dep. at 51.  As the police photographs show clearly, there was ample room for decedent to move away from the path of the oncoming bus to a place of safety beside or behind the Escalade.  See Exhs. 11A and 11B attached hereto.   Plaintiff's expert David Plant agreed that Ms. Walters would have only had to take a "couple of steps" to avoid being struck by the passing bus, and that she was capable of walking 4 to 5 feet per second.  WMATA's Motion at 3-4; Plant Dep. at 89.  She had both the ability and opportunity to extricate herself from her position of danger, but inexplicably did not do so.

      Therefore, the doctrine of Last Clear Chance is inapplicable to this case.

                                       Respectfully submitted,

                                       /s/
                                  Fredric H. Schuster, #385326
                                  David J. Shaffer, #413484
                                  600 Fifth St., N.W.
                                  Washington, D.C. 20001
                                  (202) 962-2560
                                  Attorneys for Defendant WMATA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLADYS CLAUDETTE SUTTON | : | |
| Plaintiff, | : | |
| v. | : | Case No. 07-1197 (JDB) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | : | |
| Defendant. | : | |

## WMATA'S ADDITIONAL EXHIBITS ATTACHED TO ITS REPLY MEMORANDUM

Exhibit 5A: 12/4/07 Excerpt David Plant Deposition. Add page 49.

Exhibits 11 A and B: 2/17/07 Accident Scene Photographs.

Respectfully submitted,

_____/s/_____
Fredric H. Schuster, #385326
600 Fifth St., N.W.
Washington, D.C. 20001
(202)-962-2560
**Counsel for Defendant WMATA**

**Capital Reporting Company**

Page 1

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

------------------------------x

GLADYS CLAUDETTE SUTTON,        :

    Plaintiff,              :

v.                              : Civil Action No.:

WASHINGTON METROPOLITAN         : 07:1197

AREA TRANSIT AUTHORITY,         :

    Defendant.              :

------------------------------x

                            Washington, D.C.

                      Friday, December 14, 2007

Deposition of:

DAVID PLANT

called for examination by counsel for Defendant, pursuant to notice, at Washington Metropolitan Area Transit Authority, 600 Fifth Street, Northwest, Suite 2D, Washington, D.C., before Gervel A. Watts of Capital Reporting, a Notary Public in and for the District of Columbia, beginning at 10:04 a.m., when were present on behalf of the respective parties:

866-448-DEPO
www.CapitalReportingCompany.com



DEFENDANT'S EXHIBIT 5A

1      A    That's what I would call the area of impact.
2  It's certainly right around that area.  There is a
3  location where Ms. Kirkland can see Ms. Walters and it
4  is a position that is almost even with the back-end of
5  the Escalade; it is slightly forward of that.  Based on
6  my review of all the evidence, that would be my opinion
7  as to the area of impact where Ms. Walters was located
8  at the time of the collision of the bus.  That position
9  is measured in exhibit eight.
10     Q    Where would that be reflected on exhibit
11 eight?
12     A    It's highlighted with word, "pedestrian
13 position." There is a one and a two.  The one
14 represents the area of impact.  The two would be where
15 Ms. Walters would be essentially stepping out from the
16 snow covered area onto the street.
17     Q    Under the two is an X.  I have circled on
18 Plant Exhibit 8, a reference to a number two and then
19 there's an X under it and that represents where Ms.
20 Walters was standing on the ice?
21     A    It's essentially the transition area.  I mean,
22 it's right around that area.



